## BARNETTE v. SAYERS.

(Court of Appeals of District of Columbia. Submitted February 12, 1923. Decided May 7, 1923.)

### No. 3860.

1. **Damages ☜81—Intention of parties as to penalty or liquidated damages enforced, if ascertainable.**

   In determining whether a provision in a contract for the forfeiture of money deposited was a provision for a penalty or for liquidated damages, the intent of the parties, if it can be ascertained from the contract, should be enforced.

2. **Damages ☜81—Earnest money contract held to provide for liquidated damages, not penalty.**

   A contract reciting the payment of $500 on the purchase price of property sold for $12,000, and providing that, if the purchaser failed to perform the agreement, the deposit should be forfeited at the option of the owner, in which event the purchaser should be released from all further liability, or the owner might avail himself of any legal or equitable rights, manifests an intention to treat the forfeiture of the deposit as liquidated damages, not as penalty.

3. **Damages. ☜80(1), 81—Proportion of stipulated damages to entire consideration indicates intention as to penalty or liquidated damages.**

   If the amount claimed to be liquidated damages is disproportionate to the entire consideration of the contract, some inference may arise that it was not intended as damages, but as penalty; but that rule has no application where the deposit forfeited was $500, and the total consideration was $12,000.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. **Damages ⊚⇒79(1)—Uncertainty of damage and difficulty of ascertainment support construction of contract as for liquidated damages.**

Uncertainty in amount and difficulty of ascertainment of damages support the construction of a contract as providing for liquidated damages, rather than a penalty, if the language is consistent therewith.

5. **Damages ⊚⇒81—Nature of stipulation for forfeiture of earnest money not affected by subsequent events.**

The nature of a stipulation in a contract for the forfeiture of a deposit in cash of nonperformance by the purchaser must be construed as of the date of its execution, and if, so construed, it was a provision for liquidated damages, and not a penalty, that construction is not affected by the subsequent resale of the property to another for an advance in price approximately equal to the repairs placed thereon.

Writ of Error to the Municipal Court of the District of Columbia. Action by Blanche Barnette against F. H. Sayers. Judgment for defendant, and plaintiff brings error. Affirmed.

A. Paul Hines, of Washington, D. C., for plaintiff in error.

C. B. Bauman and Chapin Brown, both of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. The case comes here on a writ of error to the municipal court of the District. Barnette, the plaintiff in error, entered into a written contract with Sayers, the defendant, the material part of which we quote:

"$500.00.                                     Washington, D. C., Oct. 3, 1921.

"Received of Mrs. B. Barnette, the undersigned purchaser, a deposit of five hundred dollars to be applied as part payment on the purchase of Lot 24, Square 2826, in Washington, District of Columbia, with improvements thereon, known as premises numbered 1368 Quincy St. N. W., in the said District, which said purchaser hereby agrees to purchase upon the following terms and conditions:

"Price of property, $12,000.00.

"Terms of sale to be complied with within 30 days from the date of this agreement; otherwise the deposit may be forfeited at the option of the owner, in which event the purchaser shall be relieved from further liability hereunder, or without forfeiting said deposit the owner may avail himself of any legal or equitable rights which he may have under this contract."

The plaintiff inspected the property with the defendant before signing the contract, but shortly after she refused to carry it out, on the ground that parties who had examined it for her had reported defects which had not been called to her attention before the deposit was made. January 25, 1922, she brought this suit to recover the $500 and the specifications of her claim were:

"To refund of deposit made on the purchase of No. 1368 Quincy Street N. W., Washington, D. C., because of misrepresentations made by said F. H. Sayers, $500.00.

"Interest and costs."

The case was fully heard by the municipal court and upon the consideration of testimony of both sides that court rendered judgment for the defendant.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The contention of the plaintiff is that the court erred in finding that the deposit of $500 was intended as liquidated damages rather than as a penalty to secure or compel performance of the contract. So far as the claim of misrepresentation is concerned, the municipal court evidently concluded, and in that conclusion we agree, that plaintiff failed to sustain the burden which devolved upon her of establishing that claim.

[1] The question of whether a contract provides for liquidated damages or a penalty is often one of great difficulty to determine. The authorities are numerous and difficult of reconciliation, as the courts apparently often have had more regard to facts outside the contract and to the supposed equities of each case than to any applicable general principle of law, if such there be. One of the latest and clearest expositions of the law on this question will be found in United States v. Bethlehem Steel Co., 205 U. S. 105, at page 119, 27 Sup. Ct. 450, at page 455 (51 L. Ed. 731), where the court said:

"The courts at one time seemed to be quite strong in their views and would scarcely admit that there ever was a valid contract providing for liquidated damages. Their tendency was to construe the language as a penalty, so that nothing but the actual damages sustained by the party aggrieved could be recovered. Subsequently the courts became more tolerant of such provisions, and have now become strongly inclined to allow parties to make their own contracts, and to carry out their intentions, even when it would result in the recovery of an amount stated as liquidated damages, upon proof of the violation of the contract, and without proof of the damages actually sustained. This whole subject is reviewed in Sun Printing & Publishing Association v. Moore, 183 U. S. 642, 669, where a large number of authorities upon this subject are referred to. * * * The question always is, what did the parties intend by the language used? When such intention is ascertained, it is ordinarily the duty of the court to carry it out."

Having in mind the salutary rule that, if the intent of the parties can be ascertained from the contract, it should be enforced, we proceed to examine it; and, in passing, it may be remarked that there were no preliminary negotiations or attending circumstances that are relevant to its interpretation.

[2] The contract does not in express terms provide either for a penalty or for liquidated damages. It provides that, if Barnette does not perform on her part, the payment of $500 may be forfeited at the option of Sayers, and if the latter does not choose to take that course, she may have such other relief as law or equity may award her. Mrs. Sayers has sought no other relief, and by retaining the money may be considered as having exercised her right to keep it and regard it as forfeited. The contract does not give Barnette any voice in that matter. Of course, if there were fraud or deceit on the part of Sayers, another question would arise; but there is none. The contract implies that, if Barnette failed to perform, damages might accrue to Sayers, and we think the plain meaning of the contract is that, in the event of such breach, Sayers has the right to keep the money she has received as and for liquidated damages. By retaining it she has thereby deprived herself of any further relief, legal or equitable, and relieved Barnette from liability under the contract.

[3] In reaching this conclusion we have in mind a rule often applied that, if the amount claimed to be liquidated damages is disproportionate to the entire consideration of the contract, some inference may arise that it was not intended in the contract to provide for such damages. There is nothing here, however, to justify the application of that rule. When this contract was made, it is obvious that no one could tell whether, in the event of a breach by Barnette, Sayers would be damaged, or, if so, the amount thereof. It is easy to see that in the event of such breach, unless she were able to make an early subsequent sale, her damages not only might be very uncertain but difficult of ascertainment. When the contract was made, no one could tell anything about it. The right at her option to forfeit the deposit, in the event of a breach, clearly meets this contingency. If Barnette breached the contract and Sayers forfeited the $500, that ended the whole matter; otherwise Sayers might resort to the courts for relief.

[4, 5] Uncertainty in amount and difficulty of ascertainment of damages are regarded as supporting the view that a contract provides for liquidated damages rather than a penalty, if the language is consistent therewith, and the contract must be construed as of the date of its execution. Turner v. City of Fremont, 170 Fed. 259, 95 C. C. A. 455. The facts which appear in this case, that, not long after the breach of the contract by Barnette, Sayers sold the property for $500 more than Barnette was to pay for it, and that she also lost in rents and expended in repairs upon the property about that amount, are therefore not taken into consideration.

It is contended by Sayers that, when a deposit is made pursuant to a provision in a contract therefor, with a stipulation therein that the amount shall be retained by the other party in case of default, the contract imports an intent to liquidate damages, while Barnette contends that there is a class of cases in which the courts, having regard to surrounding circumstances and the apparent intention of the parties, have refused to regard such deposits or part payments as liquidated damages. Both parties cite in this connection 17 Corpus Juris, 948 et seq.

We have not undertaken to particularly examine all of these cases, or reconcile them, because we regard the true rule as that set forth in United States v. Bethlehem Steel Co., supra, and also because there are no circumstances in this case that warrant a departure from the plain intent of the parties as we construe the contract. In the case of Wilson v. Mayor and City Council of Baltimore, 83 Md. 203, 34 Atl. 774, 55 Am. St. Rep. 339, the subject is exhaustively considered. While the precise question here involved was not before the court in that case, it was said in substance that cases distinguishing between a penalty and liquidated damages did not apply to a pecuniary deposit made as part payment of the purchase money and authorities were cited. In Sugden on Vendor and Purchaser, vol. 1, pp. 49 and 50 (Ed. 1851), speaking of a payment or deposit on account of the purchase price of land, it is said in substance that the purchaser cannot recover the deposit because by his own default he did not acquire a right to rescind the contract. See, also, Hedrick v. Firke, 169 Mich. 549, 135 N. W.

319. This court has considered the question of whether a contract provided for a penalty or liquidated damages and held that:

"There is nothing to prevent the parties from stipulating in advance that a certain sum shall be the damages which one shall forfeit to the other for failure to perform the conditions of a valid contract. Especially is this true where the damages to be sustained are uncertain in amount and cannot easily be ascertained."

See District of Columbia v. Harlan & Hollingsworth Co., 30 App. D. C. 270; Emack v. Campbell, 14 App. D. C. 186.

The judgment below is affirmed, with costs.