## MacNAMEE v. HERMANN.
### No. 5179.

Court of Appeals of District of Columbia.
Argued Oct. 9, 1931.
Decided Nov. 2, 1931.

W. W. Millan, R. E. L. Smith, and Geo. C. Gertman, all of Washington, D. C., for appellant.

Frederick Stohlman and Charles L. Norris, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment for the defendant (appellee here) sustaining his motion to strike in an action by plaintiff (appellant here) to recover back $1,500 alleged to have been paid without consideration.

The facts as stated in the first count of the declaration (admitted to be true by the motion to strike) are substantially as follows: On August 27, 1928, plaintiff entered into an agreement in writing with the defendant, the material parts of which are as follows:

"Received from Christina F. MacNamee a deposit in the sum of one hundred dollars to be applied as part payment of purchase price of lot 828 in square 56, with improvements thereon known as premises 728 22nd Street NW.

"Price of property, $12,500.00.

"Terms of sale: Cash $5,250.00 and purchaser to assume an encumbrance of $7,000, payable March, 1931, with interest at rate of 6% per annum, payable annually, secured by first deed of trust on property sold.

"Purchaser agrees to comply with the terms herein of sale within 60 days from the date of acceptance hereof by owner, or as soon thereafter as a report can be obtained on the title, or the deposit will be forfeited, in which event one-half of said deposit shall be paid to James Morris Woodward. This contract is made in triplicate subject to the approval of owner who agrees to pay the usual commission to the agent and contains the entire agreement between the parties thereto.

"James M. Woodward, Agent.

"We, the undersigned, hereby ratify, accept, and agree to the above memorandum of sale, and acknowledge it to be our contract.

"Christina F. MacNamee, Purchaser.

"Otto Hermann, Owner."

Thereafter, plaintiff's husband became seriously ill, and plaintiff found she could perform her agreement, if at all, with great difficulty and embarrassment; she was in a highly nervous condition and her health in a precarious state. Thereupon, and within the sixty-day period, she so informed the defendant and told him of her difficulty and embarrassment, "and that she could not purchase said property." Being ignorant of the legal effect of the agreement, she requested defendant to release her therefrom and to cancel and surrender the same. The defendant knowing that she was ignorant of the effect of the agreement, and designing to ag-

gravate her nervous condition and increase her difficulty, embarrassment, and fears, and thus to induce her to pay him a large sum of money for granting her request, and designing to demand of her such sum and require her to pay it as the price of granting such request, pretended to give her request consideration, and, knowing that the agreement did not require plaintiff to purchase the property, did pretend to her that it did so require her, and led and allowed her to believe that it did, for the purpose of deceiving her and thereby inducing her to pay him a large sum of money, and he did so deceive her and demand of her, and induce her to pay him, as an alleged consideration for releasing and surrendering the agreement, the sum of $1,500. Plaintiff says she did not know her rights under the agreement, "but defendant did know them and concealed them from her and claimed the said payment of one hundred dollars as forfeited, and thereafter demanded as his further right for canceling said agreement the said sum of fifteen hundred dollars."

Under our view of the case, it is immaterial whether the agreement evidenced a mere option to purchase (Block v. Ryan, 4 App. D. C. 283) or an absolute sale (Hazleton v. Le Duc, 10 App. D. C. 379; Griffith v. Stewart, 31 App. D. C. 29; Id., 217 U. S. 323, 30 S. Ct. 528, 54 L. Ed. 782, 19 Ann. Cas. 639), because it is averred that defendant claimed the deposit as forfeited and thereafter exacted from the plaintiff payment of $1,500 to release her from her agreement. When plaintiff notified defendant that she could not carry out the terms of the contract, the defendant was at liberty to treat the contract as breached. Landvoigt v. Paul, 27 App. D. C. 423, 430; Roehm v. Horst, 178 U. S. 1, 7, 20 S. Ct. 780, 44 L. Ed. 953; United States v. Purcell Envelope Co., 249 U. S. 313, 320, 39 S. Ct. 300, 63 L. Ed. 620. Claiming forfeiture of the deposit constituted an election so to treat it. By claiming that forfeiture, the defendant deprived himself of any further relief, legal or equitable. Hazleton v. Le Duc, 10 App. D. C. 379, 391; Barnette v. Sayers, 53 App. D. C. 169, 171, 289 F. 567. It is apparent, therefore, that the $1,500 was paid without consideration.

But defendant contends that the misrepresentation which is alleged to have induced the settlement and payment of $1,500 was one of law and that, therefore, the money paid under the settlement cannot be recovered back. Undoubtedly such is the general rule (Upton v. Tribilcock, 91 U. S. 45, 23 L. Ed. 203; Jordan v. Stevens, 51 Me. 78, 81 Am. Dec. 556), but there are exceptions to this rule.

Thus, in Wheeler v. Smith, 9 How. 55, 13 L. Ed. 44, a bequest had been made to trustees (executors) for such purposes as they considered might promise to be most beneficial to the town and trade of Alexandria, which bequest was void. The executors, men of standing and for whose abilities and character the heir at law (a young lawyer, but inexperienced in business affairs) maintained a profound respect, advised the heir at law that the bequest was valid. He thereupon at their suggestion executed a release in consideration of the sum of $25,000. The court said (page 82 of 9 How.): "But in making the compromise, the parties did not stand on equal ground. The necessities and character of the complainant were well known to the executors. * * * We are to judge of this compromise by what is stated in the bill, the facts being admitted by the demurrer. And it appears to us that the agreement, under the circumstances, is void. It cannot be sustained on principles which lie at the foundation of a valid contract. The influences operating upon the mind of the complainant induced him to sacrifice his interests: He did not act freely, and with a proper understanding of his rights."

See also Ryon v. Wanamaker, 116 Misc. Rep. 91, 190 N. Y. S. 250, affirmed 202 App. Div. 848, 194 N. Y. S. 977; Jordan v. Stevens, 51 Me. 78, 81 Am. Dec. 556; Freeman v. Curtis, 51 Me. 140, 81 Am. Dec. 564; Union Trust Co. of New York v. Gilpin, 235 Pa. 524, 530, 84 A. 448; Northrop v. Graves, 19 Conn. 548, 50 Am. Dec. 264.

In the present case, the plaintiff, while in a highly nervous condition and in a precarious state of health and ignorant of her rights, notified the defendant of her inability to fulfill her agreement, and requested a release therefrom. The defendant, with full knowledge of her condition and that she was ignorant of her rights, took her request under consideration, and subsequently and for the purpose of deceiving her and inducing her to pay a large sum of money, demanded of her as an alleged consideration for surrendering the agreement the sum of $1,500, having already claimed the "payment of one hundred dollars as forfeited." We think it apparent that the parties were not on an equal footing. Under the admitted facts, the defendant's demand was not made in good faith, since he knew that by declaring the forfeiture of the $100 deposit he had exhausted

his remedy. The following language of the court in Rockwell v. New Departure Mfg. Co., 102 Conn. 255, 307, 128 A. 302, 319, is pertinent: "When the parties to a written contract stand on an equal footing as to means of knowledge of their contract obligations, money paid by one to the other, in part performance of the contract, in response to a claim made in good faith and based upon a permissible but erroneous construction of the contract, cannot be recovered back as money paid under a mistake of law." See also Rauen v. Insurance Co., 129 Iowa, 725, 106 N. W. 198. In the present case, though there was no actual fraud, "there was something like fraud, for an undue advantage was taken" of plaintiff's situation. Evans v. Llewellin, 1 Cox, 333; Jordan v. Stevens, 51 Me. 78, 81 Am. Dec. 556. Plaintiff was influenced and misled by the defendant in the payment to him of the $1,500. Under the admitted facts, it would be unconscionable to permit him to retain the money. It may be recovered back.

Judgment reversed, with costs, and cause remanded for further proceedings not inconsistent with this opinion.

Reversed.