**SHEFFIELD et al. v. PAUL T. STONE, Inc.**

**No. 6967.**

United States Court of Appeals for the District of Columbia.

Argued Feb. 10, 1938.

Decided April 25, 1938.

W. Gwynn Gardiner and James M. Earnest, both of Washington, D. C., for plaintiffs in error.

Bolitha J. Laws and Julian I. Richards, both of Washington, D. C., for defendants in error.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

The plaintiff purchasers sued in the Municipal Court to recover from the defendant builders and vendors a $500 deposit on a contract for the construction and sale of a house. The court, without a jury, found for the defendants. The plaintiffs do not complain of the court's finding that defendants did not, and plaintiffs did, break the contract; but plaintiffs contend that they are nevertheless entitled to a return of the deposit. They base this contention on a provision in the contract that on default by the purchaser "the deposit herein provided for may be forfeited at the option of the seller, in which event the purchaser shall be relieved from further liability hereunder, or, without forfeiting the said deposit, the seller may avail himself of any legal or equitable rights which he may have under this contract."

On October 19, 1935, plaintiffs notified defendants that plaintiffs would not complete the contract. On October 21, defendants replied "You will be expected to carry out the terms of your contract," and asked plaintiffs to select fixtures. On October 29, defendants wrote that if plaintiffs did not make selections, defendants would be compelled to do so "for the completion of your house, in accordance with the terms of our written contract." On November 14, defendants wrote: "I am proceeding to complete my performance of the contract with you and shall expect to hold you to the liabilities which you assumed in connection therewith." On December 20, they wrote: "We tender you herewith in accordance with your contract * * *

deed and deed of trust to premises * *. Trusting * * * you will fulfill your contract without persuasion." On December 30, defendant Stone wrote: "I hereby notify you that I am offering the house for sale in the open market and will hold both of you liable to me for all costs incidental to said sale and all expenses that may be incurred by me, as well as damages resulting from your breach of this contract." In January, 1936, defendants sold the house to another person. On May 29, 1936, plaintiffs demanded return of the deposit and added, "We have expected a refund since the house was sold." On July 27, 1936, they commenced this suit to recover the deposit. Both parties testified that defendants never "declared a forfeiture" of the deposit.

Plaintiffs contend that defendants exercised their option to avail themselves of "legal or equitable rights * * * under this contract," and thereby deprived themselves of their right to forfeit the deposit. They contend also that defendants waived their right to forfeit the deposit by failing to exercise it promptly. Defendants contend that their retention of the deposit amounted to an election to forfeit it. The trial court based its finding in defendants' favor on Barnette v. Sayers, 53 App. D.C. 169, 171, 289 F. 567, which involved an option clause practically identical with the one now in suit. There a defaulting purchaser sued to recover her $500 deposit, which she contended was a penalty rather than liquidated damages. This court held that it was liquidated damages, and that the defendant was entitled to keep it. The defendant, the court said (page 569), had "sought no other relief, and by retaining the money may be considered as having exercised her right to keep it and regard it as forfeited. * * * By retaining it she has thereby deprived herself of any further relief, legal or equitable, and relieved Barnette from liability under the contract." We think the decision was right, though we question the dictum that the seller's mere retention of the money "forfeited" it in such a sense as to relieve the defaulting purchaser, by reason of the option clause, from other liability. We do not think the Barnette case controls this one.

The clause quoted above provides that if the seller exercises his "option" to "forfeit" the deposit, the purchaser is "relieved from further liability." In this con-

text, we understand "forfeit" the deposit to mean, keep it as liquidated damages and call the contract off. The clause assures this remedy to the seller on the buyer's default and provides that, if the seller once adopts it, he cannot change his mind and require the buyer to complete the contract. Conversely, if the seller "avail himself of any legal or equitable rights which he may have under this contract" it is implied, though not clearly expressed, that he cannot thereafter "forfeit" the deposit, i. e., keep it as liquidated damages and call the contract off. That he can no longer forfeit it does not mean, in our judgment, that he cannot keep it, go forward with the contract, and apply it toward the discharge of the buyer's obligation.

When suit was brought in the present case defendants had retained the deposit for some nine months after plaintiffs' repudiation of the contract, six months after selling the house to a third person, and two months after plaintiffs had demanded the return of the deposit. Until the deed was tendered to plaintiffs on December 20 defendants cannot have exercised or waived an option to "forfeit," for until then the default which was to give rise to the option had not occurred. Plaintiffs' repudiation on October 19 was an anticipatory breach only. Not because of the option clause but by a rule of contract law, upon that repudiation defendants could elect whether to treat the contract as terminated or to continue to perform and to demand performance. They chose to continue. A so-called anticipatory breach "only becomes a wrongful act if the promisee elects to treat it as such." Roehm v. Horst, 178 U.S. 1, 13, 20 S.Ct. 780, 785, 44 L.Ed. 953, quoting from Johnstone v. Milling, 16 Q.B.Div. 467, 472. The contract, therefore, was not broken by plaintiffs until December 20.

When plaintiffs' breach occurred two alternative remedies, apart from a suit for specific performance, were open to defendants: (1) to "forfeit" the deposit, i. e. to retain it as liquidated damages and call the deal off; (2) to establish the actual damages by selling the house to third persons, and hold plaintiffs for the damages so established. Defendants chose the second course. Their letter of December 30 expressed that choice plainly. They had never expressed, and apparently had never formed, an intention to "forfeit" the deposit as liquidated damages. They not only expressed an intention to collect actual damages but proceeded to fix their amount, if any, by a resale of the house. We think they thereby availed themselves of "legal or equitable rights" under the contract so as to preclude them, by a fair interpretation of the option clause, from electing to forfeit the deposit, i. e. to claim it as liquidated damages. They cannot be permitted to make their choice between liquidated and actual damages after they have determined which are the greater; for the intent of the option clause is not to give them that advantage, but to make it unnecessary for them to ascertain actual damages.

Although defendants cannot, after fixing actual damages, determine to retain the deposit as liquidated damages, they may, if the resale results in a loss as compared with the contract price, use that loss as a set-off or counterclaim in defense of plaintiffs' action for the return of the deposit. It is alleged in plaintiffs' affidavit of merit that the resale was at a price in excess of the contract. It is not clear whether this statement refers to the gross or the net resale price. Defendants do not deny this allegation, and there is no finding with respect to it. We think the fact should be found. If the resale price, after deducting expenses, was equal to the contract price, plaintiffs are entitled to recover the deposit, because defendants have not been damaged by plaintiffs' breach and have no claim to set off against plaintiffs' demand. If the net resale price was less than the contract price, to the extent of the deficiency defendants have been damaged by plaintiffs' breach and may retain the deposit.

Reversed and remanded.