## SABGHIR v. GINSBURG.

### No. 463.

Municipal Court of Appeals for the District of Columbia.

Feb. 14, 1947.

Frank D. Reeves, of New York City (Leonard S. Hayes, of Washington, D. C., on the brief), for appellant.

Herman Miller, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant contracted to buy real estate and made a deposit of $200 as part payment on the purchase price. Sale was not completed and appellant sued to recover back the deposit from the broker who, as agent for the seller, had negotiated the sale and received the deposit. The trial court denied a recovery.

The contract required settlement within forty-five days or as soon thereafter as report on title could be secured, and provided for forfeiture of the deposit at the option of the seller if the purchaser failed to make settlement. Shortly after the contract was made, appellant told both seller and broker that he anticipated losing his job and leaving the city and that he would be unable to make settlement, and he asked to be released from his contract. He was told that he would not be released and thereafter he told the broker he would not go through with the contract but would attempt to get a third person to take over the

contract. He was unsuccessful in this attempt and he communicated no further with either seller or broker until long after the forty-five day period had expired.

The seller waited until the "Contract had expired" (presumably the forty-five days), declared the deposit forfeited and thereafter resold the property. More than three months after signing the contract appellant called the title company and learned that the property had been resold and settlement had been made or was in process of being made. More than a month later appellant, through his attorney, communicated with the seller. and broker, and this suit followed.

We think it is clear that when the seller was notified by appellant that he was unable to complete the transaction and would not go through with the contract, the seller was not required to make any tender of performance but was at liberty to treat the contract as breached and declare the deposit forfeited. MacNamee v. Hermann, 60 App.D.C. 295, 53 F.2d 549. And appellant's statement that he would attempt to get someone to take over the contract is immaterial, since such attempt was concededly unsuccessful.

While the record does not show that the seller expressly communicated to appellant his election to forfeit the deposit and call the contract off, it seems clear that the seller's conduct was such that appellant was fully aware that this action would inevitably result from his default. See Barnette v. Sayers, 53 App.D.C. 169, 289 F. 567; Sheffield v. Paul T. Stone, Inc., 68 App.D.C. 378, 98 F.2d 250.

In short, appellant, having contracted to buy, announced he could not and would not perform his contract, and never at any time tendered performance. Without some proof that the seller within the time specified for performance was not ready, able and willing to perform, appellant has no standing to recover the deposit made by him on a contract which he refused to perform. Wynkoop v. Shoemaker, 37 App.D.C. 258.

Affirmed.