## MITCHELL v. RALPH D. COHN, Inc.
### No. 492.

Municipal Court of Appeals for the District of Columbia.

May 1, 1947.

Dewey M. Carr, of Washington, D. C. (Penn, Carr & Adams, of Washington, D. C., on the brief), for appellant.

Arthur L. Willcher, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Ralph D. Cohn, Incorporated, a real estate broker, sued appellant William H. Mitchell on a promissory note which Mitchell had given as a deposit to accompany a contract he tendered for the purchase of certain real estate for $13,500. This price not being satisfactory to the owner, Mitchell raised his offer to $14,000 and authorized the continuance of the note as a deposit. The note was dated September 14, 1946, and was payable September 29, 1946. A new contract dated September 21, 1946, was then drawn and executed by Mitchell and by the seller. It recited that the note was given as a deposit on the purchase, and that the deposit was subject to forfeiture upon the purchaser's default. Three or four days later, and before the time set for settlement, Mitchell notified the Cohn Company that he would not proceed with the purchase and he did in fact fail to appear at the time appointed for the settlement of the deal. The owner having authorized forfeiture of the deposit, plaintiff as payee of the note filed suit thereon. The trial judge made a general finding for plaintiff and defendant appeals.

In his brief appellant argues that he had the right to rescind his offer because it had not been accepted by the owner. But the facts as stated in the record do not support him. The statement of proceedings recites that the new contract for $14,000 which was dated September 21, 1946 was "executed by the purchaser and the seller." It does not recite that the purchaser's attempt to rescind took place before the owner's acceptance. It is true that the record does not reveal the exact date on which each of the parties signed the purchase agreement, nor the exact date on which the purchaser attempted to rescind. Were that information before us, we could perhaps deal with the problem more precisely. But, from the general finding for plaintiff we assume that the trial judge found there was an offer and acceptance, evidenced by the signatures of vendor and purchaser, before the purchaser made his attempted rescission. And there is no testimony in the record—not even from defendant himself, from which we could possibly say that he has shown error. That is the burden of an appellant.[1]

In a similar case a few weeks ago we passed upon the legal question here in-

[1] Morris v. District of Columbia, 75 U. S.App.D.C. 82, 124 F.2d 284; Barrett v. Adkins Furniture Co., D.C.Mun.App., 43 A.2d 44.

volved. Sabghir v. Ginsburg, D.C.Mun. App., 51 A.2d 308. There the purchaser having contracted to buy real estate, afterwards announced that he would not complete the purchase. We held that he had no right to recover his deposit. The same principle of law applies here. The note was given for a valuable consideration and represented appellant's earnest to bind his bargain and complete the purchase. When for no legal reason and by his own choice he failed to do so, he became liable on the note.

Affirmed.