## UNITED FOOD STORES CORPORATION v. WASHINGTON HOUSING CORPORATION.

### No. 9884.

United States Court of Appeals
District of Columbia Circuit.
Argued Feb. 21, 1949.
Decided March 28, 1949.

Milton Strasburger, of Washington, D. C., for appellant. David J. Hornstein, of Washington, D. C., entered an appearance for appellant.

John H. Burnett, of Washington, D. C., with whom Chapin B. Bauman, of Washington, D. C., was on the brief, for appellee.

Before CLARK and WILBUR K. MILLER, Circuit Judges, and SWEENEY, District Judge, sitting by designation.

CLARK, Circuit Judge.

The facts in this case are relatively simple. Appellee (defendant below) contracted to sell to appellant certain parcels of land on which appellant intended to erect certain warehouses. This purpose was well understood between the parties. A deposit of $5,000.00 was paid out of a total purchase price of $100,000.00. Appellee was not at that time the actual owner of the property but had a contract for its purchase at a stipulated price from the then owner. The contract for sale stipulated that the contract was to be performed "sixty days from date" which would have resulted in the date of August 19, 1946, as the settlement date. It is agreed that it was understood between the parties at the time of the contract that the seller was to deliver the premises "free of any tenancy" and that the agent of the vendor stated that the then tenants of the property all held "as monthly tenants."

This representation as to the character of the tenancies proved to be untrue. Some few days before August 19, 1946, Mr. Weitz, the agent for the vendor, called upon Mr. Hornstein, the agent for the vendee, and informed him that there was, as to one portion of the property, a lease of several years duration. Mr. Weitz inquired of Mr. Hornstein as to what the vendee was willing to do about it under the circumstances. Mr. Hornstein replied that he had no authority to accept any deviation from the strict terms of the contract.

On August 19, 1946, the vendee offered an uncertified check for the remainder of the purchase price and called for full compliance. No objection was reserved as to the form of the payment. The President of the vendor then stated that one Houser was in possession of a portion of the property under a lease for a term of years but was willing to execute an agreement allowing the cancellation of his lease on ninety-day notice. Hornstein stated that the Executive Manager of the vendee was in California and he therefore asked for a thirty-day extension of the time for performance. This the vendor refused.

But on the settlement date prescribed the agent of the vendees objected to the description of the property as shown by the title company which included the dedication of a right of way for a public alley. Therefore the title company refused to certify the title as unencumbered. This entry as to the right of way was later proved to

be an error on the part of the title company itself but one which can be ascribed to neither party to this suit.

There can be no question that if events had otherwise been propitious on August 19, the vendor would have been in default and the vendee would have been entitled to a return of his $5,000.00 deposit.

But by August 27 when the matter of the right of way was straightened out and the title company announced that it had made "an over-all description including the right of way", the vendor had filed with the title company a cancellation of the lease of Houser and was able to give complete title in accordance with the terms of the contract.

This is an action to compel repayment of the $5,000.00 deposit. It is our judgment that the extension in the date of settlement caused through no fault of either party to this action sufficiently extended the time to enable appellee to be able to comply with the terms of the contract. The judgment of the District Court is therefore

Affirmed.