## SCHWARTZ v. RETTGER.
### No. 1104.

Municipal Court of Appeals for the
District of Columbia.

Argued July 30, 1951.

Decided Aug. 29, 1951.

Harry Bonnett, Washington, D. C. (David Kayson, Washington, D. C., on the brief), for appellant.

Foster Wood, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Mrs. Rettger signed a contract to purchase a farm in Maryland from Mr. and Mrs. Atkinson. Mr. Schwartz acted as broker in the transaction and a deposit of $1,000 was paid to him by Mrs. Rettger. The contract was never completed and Mrs. Rettger sued the Atkinsons and Schwartz for the return of the deposit. On opening statements the trial court directed verdicts for Mrs. Rettger against the Atkinsons for $500 and against the broker for $500.[1] The broker has appealed.

The contract contained the following provisions:

"On or before

"(13) Within—April 1, 1949—days from

---

1. The verdicts were directed after Mrs. Rettger had testified. In a memorandum denying a new trial the trial court stated that it did not understand the issues from the opening statements but the issues became clear after the trial had proceeded, and that counsel were then asked what they intended to prove and their offers of proof were treated as amplifications of the opening statements.

the date of acceptance hereof by the seller, or as soon thereafter as a report on the title case can be secured if promptly ordered, and/or survey, if required, the seller and purchaser are required and agree to make full settlement in accordance with the terms hereof.

"If the purchaser shall fail to make full settlement, the deposit herein provided for may be forfeited at the option of the seller, in which event the purchaser shall be relieved from further liability hereunder, or, without forfeiting the deposit, the seller may avail himself of any legal or equitable rights and remedies which he may have under this contract.

"(14) The entire deposit shall be held by Max C. Schwartz, Agent, until settlement hereunder is made or until the deposit is forfeited. In the event of the forfeiture of the deposit, the Agent shall retain one-half thereof as a compensation for his services and shall pay to the seller the remaining one-half of the forfeited deposit."

The basis of the court's ruling appears to have been that, because it was conceded that after Mrs. Rettger announced she would not complete her contract the farm was resold and the Atkinsons received the same net amount on the resale that they would have received under the Rettger contract and Schwartz received a commission on the resale, to permit the Atkinsons to retain the deposit on the Rettger contract would be to enforce a forfeiture or penalty.

■ While forfeiture is sometimes used in the same sense as penalty, it is not used in that sense in the provision of the contract above quoted. To forfeit the deposit simply means to "keep it as liquidated damages and call the contract off." Shefield v. Paul T. Stone, Inc., 68 App.D.C. 378, 98 F.2d 250, 252. In Barnette v. Sayers, 53 App.D.C. 169, 289 F. 567, 569, it was said: "The contract implies that, if

Barnette failed to perform, damages might accrue to Sayers, and we think the plain meaning of the contract is that, in the event of such breach, Sayers has the right to keep the money she has received as and for liquidated damages." This principle has been applied in many cases in this jurisdiction without intimation that the deposit cannot be retained by the vendor if it later develops that the vendor suffered no actual loss.[2] To determine whether a penalty is provided by the terms of a contract, the contract must be considered as a whole at the date of its execution, and at that time no one can tell what damages may result in case of breach.[3]

■ Underlying these cases is the principle that one who breaches his contract has no right to demand return of that which he has paid under it if the other party is not in default. In Hansbrough v. Peck, 5 Wall. 497, 18 L.Ed. 520, the Supreme Court said: "And no rule in respect to the contract is better settled than this: that the party who has advanced money, or done an act in part performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfil all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done." In Wynkoop v. Shoemaker, 37 App.D.C. 258, 266, it was said: "Failure on the part of the plaintiff to prove compliance, or tender of compliance, with his part of the contract, was fatal to his right to recover the deposit."

We find no material difference on this subject between the law of Maryland and of this jurisdiction. In Willson v. Mayor, etc., of Baltimore, 83 Md. 203, 34 A. 774, 776, cited with approval in Barnette v. Sayers, supra, it was said: "Where parties contract, as they frequently do by a condition of sale, that the deposit money shall

2. See United Food Stores Corp. v. Washington Housing Corp., 84 U.S.App.D.C. 369, 174 F.2d 36; Graziani v. Arundell, 55 App.D.C. 21, 299 F. 886; Meckler v. Baugh, D.C.Mun.App., 53 A.2d 695, affirmed, 83 U.S.App.D.C. 400, 168 F.2d 574; Mitchell v. Ralph D. Cohn, Inc., D. C.Mun.App., 52 A.2d 631; Sabghir v. Ginsburg, D.C.Mun.App., 51 A.2d 308.

3. Davy v. Crawford, 79 U.S.App.D.C. 375, 147 F.2d 574; Barnette v. Sayers, 53 App.D.C. 169, 289 F. 567.

be forfeited if the purchaser fail to carry out his contract, the deposit cannot, nor can any part of it, be recovered back on the ground that the forfeiture was in the nature of a penalty, and the actual loss to the vendor was less than the amount of the deposit. In fact, the cases distinguishing between a penalty and liquidated damages do not apply to a pecuniary deposit, which is in reality not a pledge, but a payment in part of the purchase money." Other Maryland decisions are consistent with the foregoing. See Davis v. Hall, 52 Md. 673; Spellman v. Dundalk Co., 164 Md. 465, 165 A. 192; Zulver Realty Co. v. Snyder, 191 Md. 374, 62 A.2d 276.

We therefore hold that if Mrs. Rettger wrongfully refused to go forward with her contract and if the Atkinsons were ready and able to perform, then Mrs. Rettger has no right to recover her deposit.

The trial court also indicated that the Atkinsons had prematurely declared the Rettger deposit forfeited and her contract ended. According to statements of defense counsel, after Mrs. Rettger announced she would not complete her contract and the contract for resale had been made, she was told that if she would execute a quitclaim deed her deposit would be returned, but she demanded a sum in excess of the deposit. Thereupon she was notified that the parties would appear at Frederick, Maryland, at the office of an attorney, for settlement on April 1, the date named in her contract as date of settlement. Mrs. Rettger did not appear and her attorney had previously stated that she would not appear. The other parties appeared and waited until 3:50 in the afternoon and at that time the Rettger deposit was declared forfeited, and a deed was executed by the Atkinsons to the third party and recorded at 3:55, five minutes before the recording office was closed. Mrs. Rettger, in her testimony, stated she was led to believe that settlement would not take place on that day. Whether there was a premature forfeiture of the deposit can only be determined after testimony of witnesses has been taken and any conflicts therein determined by the jury.

The Atkinsons have not appealed and we cannot disturb the judgment as to them.

Judgment against Max C. Schwartz reversed with instructions to grant a new trial.