John VOULGARIS, Appellant,

v.

Julius N. PRESS and Lillian S. Press, Appellees.

No. 1659.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 22, 1955.

Decided Sept. 15, 1955.

Jacob A. Stein, Washington, D. C., for appellant.

Allan L. Kamerow, Washington, D. C., with whom Stanley H. Kamerow, Washington, D. C., was on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Appellant Voulgaris operated a restaurant in property which he held under a ten-year lease. Early in 1954, when the lease had run some eight years, District of Columbia officials served a condemnation notice on the owners, requiring them to make extensive repairs to the building or demolish it. The owners made the required repairs and for the three months the work was in progress, commencing in June 1954, lessee suspended the operation of his restaurant business. He paid rent for those months and then brought suit against the lessors to recover the amounts paid. The decision of the trial court was against him and he brings the case here on appeal.

Appellant has based his claim for reversal on the ground that it was lessors' obligation to keep the building in repair, that failure to discharge such obligation resulted in the condemnation proceedings by the District government and deprived lessee of the use of the leased property. Lessors answer that it was lessee's obligation to make repairs under an express provision of the lease. We do not reach that issue because we think we are required to affirm on a different ground, which has been raised by lessors. Their contention is that because appellant made the payments voluntarily he has no right to sue for their return.

▮ Appellees' position is sound. It has always been the law that monies voluntarily paid with full knowledge of the surrounding facts and circumstances, though paid under a mistaken view of the law, cannot be recovered. Lamborn v. Dickinson, 97 U.S. 181, 24 L.Ed. 926; MacNamee

v. Hermann, 60 App.D.C. 295, 53 F.2d 549; 70 C.J.S., Payment, § 133, et seq.[1]

It is true, as appellant points out, that the rule is subject to many exceptions, Columbian Nat. Life Ins. Co. v. Goldberg, 6 Cir., 158 F.2d 971, certiorari denied 331 U.S. 820, 67 S.Ct. 1310, 91 L.Ed. 1837, but there is nothing in the record before us which would permit invoking any exception to the established rule. We have nothing to go on except appellant's testimony that he "could not conduct a restaurant business in these premises because of repair operations being undertaken during this period by the defendant landlords as the result of a condemnation proceeding then pending against these premises." As to payment, the record shows nothing except that plaintiff paid the rent for the period involved.

▮ Appellant cites Thompson v. Deal, 67 App.D.C. 327, 92 F.2d 478. That case dealt with payments made under duress to a government agency, and expressly recognized the general rule we have stated above. In the case before us it is not clear whether appellant is claiming that the payments were made under some form of duress. If so we would have to reject such a contention. There was not a word of testimony from which personal duress or "duress of goods" could have been found, or even implied. There is no suggestion that the payments were made under protest or that the lessors had made a demand (or even a request) for payment, or that there was any threat of an eviction suit.[2] Nor was there even a suggestion of any fiduciary relationship between the parties; they stood on an equal footing. All these things being true, we have a situation where a lessee with full knowledge of the facts has voluntarily paid rent and now says he ought to have it back. Clearly he has no standing in the courts.

Affirmed.

1. We have recognized and applied a different rule as to payments made under mistake of fact. Lanston v. American Security & Trust Co., D.C.Mun.App., 32 A.2d 482, and cases there cited.

2. Lessors had at least a colorable right to demand rent and it has been held that money paid in such a situation cannot be recovered. 70 C.J.S., Payment, § 134, p. 345, Note 42.