BROOK HAVEN, Inc., Appellant,

v.

Ely SILVERMAN, Appellee.

No. 1737.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 16, 1956.

Decided Feb. 17, 1956.

592

Joseph V. Gartlan, Jr., Washington, D. C., with whom Leonard S. Melrod, Washington, D. C., was on the brief, for appellant.

Edward Schmeltzer, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In December 1954 appellee contracted to buy a dwelling house to be erected by appellant and made a deposit of $200. Delivery of the house was to be made prior to December 1955 and the contract provided that appellee make settlement within ten days after notice "or the deposit will be forfeited." The contract also provided that it was contingent "upon the approval of the Veterans Administration and the receipt of a satisfactory Certificate of Reasonable Value." In May 1955 before completion of the house, appellee notified appellant that he was moving to New York and asked return of his deposit. His request was refused and he brought this action for return of the deposit. Appellant answered, denying appellee's right to return of the deposit and asking that the court declare the deposit "forfeited." Along with its answer appellant filed a counterclaim, alleging that appellee had breached his contract and asking damages of $575. The trial court gave appellee judgment for the deposit but gave appellant judgment on its counterclaim for $75. On this appeal appellant asks us to reverse the judgment against it. Neither party seeks reversal of the judgment on the counterclaim.

Appellant contends that appellee's removal of his residence to New York was an anticipatory breach of the contract because he thereby rendered impossible approval by the Veterans Administration, and that this anticipatory breach justified forfeiture of the deposit. We do not reach the merits of this contention because appellant waived its right to declare a forfeiture.

 It is settled that "forfeit", as used in this type of contract, means to keep the deposit as liquidated damages and call the contract off; and that one cannot forfeit the deposit as liquidated damages and at the same time make claim for actual damages.[1] In the instant case appellant did not stand on its right to declare a forfeiture. Although in answer to appellee's claim appellant asked the court to declare the deposit forfeited, at the same time it advanced a claim for actual damages in an amount more than double the deposit. It prosecuted its claim for actual damages to judgment. It is true the trial court found the actual damages to be less than the deposit, but one cannot prove both liquidated and actual damages and then make a choice of that which proves to be the greater. Having obtained judgment for actual damages appellant cannot now say it was error not to allow it liquidated damages.

Affirmed.

1. MacNamee v. Hermann, 60 App.D.C. 295, 53 F.2d 549; Sheffield v. Paul T. Stone, Inc., 68 App.D.C. 378, 98 F.2d 250.