**Nick V. CAMPANELLA, Appellant,**

v.

**Daniel DIENER, Appellee.**

**No. 1778.**

Municipal Court of Appeals for the District of Columbia.

Argued April 16, 1956.

Decided May 24, 1956.

Alfred S. Fried, Washington, D. C., with whom Harold Smith, Washington, D. C., was on the brief, for appellant.

Mark P. Friedlander, Washington, D. C., with whom Edward A. Aaronson, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee Diener signed a contract to purchase a dwelling house from Mr. and Mrs. Green and made a deposit with appellant Campanella, the broker in the transaction. Diener refused to complete his contract on the ground that the Greens had breached a provision thereof. When Diener failed to appear at the title company for settlement and it was learned that he would not settle, Campanella offered to buy the property at the same price Diener had agreed to pay. Campanella did this, at least in part, in order that the Greens might have sufficient funds to complete a contract they had made to purchase another house, in which transaction Companella was also the broker. The Greens accepted Campanella's offer and executed a deed conveying their property to him. Some days later at Campanella's request the Greens assigned to him all their rights and interest in the contract between them and Diener.

This action was brought by Diener against Campanella for the return of the deposit Diener had made on the Green contract. The trial court found no breach of contract by the Greens, but allowed recovery on the ground that Campanella had purchased the property prior to the assignment of the Green contract and that there had been no forfeiture of Diener's deposit.

It is Campanella's position that as assignee of the Green contract he was entitled to declare a forfeiture of the deposit. Exactly what the Greens intended by their assignment to Campanella is not clear. When they made the assignment they had already conveyed the property by deed to Campanella. They testified they were told by Campanella that the assignment was necessary "to complete the deal" and that nothing was said about the deposit at that time, and that they had never declared a forfeiture. It appears that in making the assignment the Greens had no intention of conveying any rights they had in the deposit because, as Mrs. Green testified, they did not even think about the deposit after they learned Campanella would buy at the same price Diener had agreed to pay.

However, even if we assume that regardless of intention the Greens conveyed by the assignment all their rights under the contract, there still remains the question what rights they then had to assign. They had already accepted Campanella as buyer under the contract in place of Diener, and had conveyed the property to him. Did they then have a right to declare a forfeiture? We think not.

When the Greens were notified that Diener would not complete the contract of purchase, they had a choice of either declaring the deposit forfeited and the contract at an end or affirming the contract and holding Diener liable for damages for its breach. It is conceded the Greens declared no forfeiture. They found another purchaser (Campanella) and sold to him at no loss. They waived their right to a forfeiture and as Diener's default caused them no actual damages, they had no rights under the contract when they assigned it to Campanella.[1] As broker Campanella had no right to retain the deposit and neither did he have such right as assignee of the contract. The trial court properly held that Diener was entitled to recover.[2]

Affirmed.

1. Cf. Brook Haven, Inc. v. Silverman, D.C. Mun.App., 120 A.2d 591.

2. It may be noted that Campanella collected a commission on the sale by the Greens to him and also one on the sale to the Greens of their new home. Although the trial court indicated that Campanella was not guilty of bad faith, it is obvious that neither Campanella nor the Greens suffered any loss by reason of Diener's default.