Carrie N. SURRATT, Appellant,

v.

Ralph D. COHN, Appellee.

No. 1998.

Municipal Court of Appeals for the District of Columbia.

Argued July 2, 1957.

Decided Sept. 20, 1957.

Rehearing Denied Oct. 10, 1957.

**644**

James F. Bird, Washington, D. C., for appellant.

Arthur L. Willcher, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This is an appeal from a judgment against the appellant in a suit on a promissory note for $500. A review of the pertinent facts will furnish a proper setting for a determination of the controversy.

Appellant, the owner of a residence on Monroe Street, noticed in the newspaper an advertisement of the appellee, a real-estate broker, offering for sale a residence on Farragut Street. She called appellee's office and was taken by a real-estate salesman employed by appellee to the property for the purpose of inspecting it. She decided to purchase it and entered into a written contract with the appellee for that purpose. Her purchase agreement was expressly conditioned upon the sale of her residence on Monroe Street by the appellee for $10,500 net within thirty days. In lieu of cash she signed a promissory note for the $500 de-

posit as provided in the contract for her purchase of the Farragut Street property payable to the appellee in ten days. The note, the subject matter of this controversy, has never been paid and, as before stated, a judgment was rendered on it in favor of the appellee.

Appellant's principal contention is that the note in question cannot be regarded as an isolated transaction but must be considered as a part of the entire transaction between her and appellee, namely, the proposed purchase by her of the Farragut Street property and the contemplated sale through the appellee of her Monroe Street property; that so considered the note was subject to the defense of failure of consideration because the appellee was not able to sell her Monroe Street property within the thirty-day time limitation; that appellee breached the fiduciary relationship allegedly existing between him and appellant; and that, in any event, there was no consideration to support the note as between the parties.

In treating the relationship as an entire transaction, the trial court found that appellee's conduct in both transactions was proper; that it clearly appeared that in the Farragut Street transaction he openly represented himself as the owner of the property, contracting to sell it to the appellant; that his relationship with her so far as the Monroe Street property was concerned was that of an agent with whom she had listed the property for sale, and his conduct in that connection was above reproach, so that even if a fiduciary relationship existed, there was no breach of it. The court also found that prior to the expiration of the thirty days permitted appellee to sell the Monroe Street property at $10,500 net, he offered in writing to purchase it at that price, but appellant ignored the offer. Accordingly, there was no failure of consideration, it being immaterial whether the offer to purchase was that of appellee or some third person. We have carefully reviewed the transcript of testimony in this

case and rule that the court was entirely justified in reaching the conclusions above stated.

In so far as the question of lack of consideration for the note is concerned, that question has been settled by this court in several decisions. We think it necessary to refer to only one of them, namely, Mitchell v. Ralph D. Cohn, Inc.,[1] wherein we said in a similar situation:

"* * * The note was given for a valuable consideration and represented appellant's earnest to bind his bargain and complete the purchase. When for no legal reason and by his own choice he failed to do so, he became liable on the note."

We do not think it necessary to discuss the other points raised by counsel for appellant.

Affirmed.