**Bernice E. BUTLER, Appellant,**

v.

**Joseph A. MYERS t/a J. & J. Realty Company and Rose Belmont, Appellees.**

**No. 2858.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 5, 1962.

Decided March 20, 1962.

---

2. See Kraft v. Lowe, D.C.Mun.App., 77 A.2d 554 (1950).

William C. Darden, Washington, D. C., for appellant.

Michael J. Hage, Washington, D. C., with whom Charles S. Sures, Washington, D. C., was on the brief, for appellee Belmont.

Lee W. Cowan, Washington, D. C., entered an appearance for appellee Myers and adopted brief of appellee Belmont.

Before QUINN, Associate Judge, CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b), and MYERS, Associate Judge of The Mu-

nicipal Court for the District of Columbia, sitting by designation.

MYERS, Associate Judge.

Appellant made a deposit on a contract for the purchase of real estate. The transaction was not consummated and she brought suit against the appellee real estate broker to secure its return. He impleaded the seller as a third-party defendant, alleging that the vendor (appellee Belmont) had an interest in the same cash deposit and that both appellant and the vendor had declared a forfeiture under the contract.[1] The trial judge, sitting without a jury, found that appellant was responsible for the breach of the contract and denied return of the deposit pursuant to the forfeiture clause of the contract.

The only question before the court is whether the evidence supports the trial judge's finding that the responsibility for failure to settle rests upon the purchaser.

This court in an earlier case upheld the validity of a forfeiture clause almost identical to the one here involved, observing that while forfeiture is sometimes used in the same sense as a penalty, it is not used in that sense in a contract such as the one here involved and if the prospective purchaser breaches his contract he has not the right to demand the return of that which he has paid under it if the other party is not at fault.[2]

The evidence in the present case reveals that the parties had agreed upon full set-

[1]. "Within 90 days from the date of acceptance hereof by the owner, or as soon thereafter as a report on the title can be secured if promptly ordered, the seller and purchaser are required and agree to make full settlement in accordance with the terms hereof. If the purchaser shall fail so to do the deposit herein provided for may be forfeited at the option of the seller in which event the purchaser shall be relieved from further liability hereunder, or without forfeiting the said deposit the seller may avail himself of any legal or equitable rights which he may have under the contract. In the event of the for-

feiture of the deposit, the seller shall allow the agent one-half thereof as a compensation for his services to him.
"Settlement is to be made * * * and deposit with the Title Co. * * * of the purchase money, the deed of conveyance for execution and such other papers as are required of either party by the terms of this contract shall be considered good and sufficient tender of performance of the terms hereof."

[2]. Schwartz v. Rettger, D.C.Mun.App., 83 A.2d 279, and cases therein cited.

tlement on August 24, 1960. The seller appeared at the title company and signed the necessary papers, but the deal was not completed because a conditional loan from a building and loan association had been cancelled through failure of the purchaser, for whom the loan had been negotiated by the broker, to comply with the conditions imposed by the association in a letter to her; nor had she informed the broker of these conditions so as her agent he could take the necessary steps to perfect the loan for her. The purchaser and seller agreed to a later settlement date, but before that time the purchaser informed the broker she was no longer interested in the house and demanded her deposit. On cross examination she admitted she had contracted to buy another house.

We think the trial judge had evidence to support his finding that, without fault on the part of the broker or of the seller, the appellant had defaulted and, as a result, her deposit was properly forfeited.

Affirmed.