**ALADDIN REALTY COMPANY, Inc.,**
**a corporation, Appellant,**

v.

**Robert ROLLINS, Jr., and Emma L. Rollins,**
**Appellees.**

**No. 3917.**

District of Columbia Court of Appeals.

Argued July 5, 1966.

Decided Oct. 31, 1966.

Joseph G. Hitselberger, Washington, D. C., for appellant.

Sol M. Alpher, Washington, D. C., with whom Maurice Friedman, Washington, D. C., was on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant brought this action as payee of a promissory note executed by appellees under the following circumstances. Appellees as purchasers and one Filippo as seller had entered into a contract for the sale of certain real estate. Appellant, a real estate broker, acted for the seller in the transaction. The contract recited receipt of a deposit of $500 "in the form of 3 day Note." Such a note, the note constituting the basis of this action, was executed by appellees payable to appellant. A few days later appellees notified appellant they could not obtain the $500 cash and would not complete the purchase. A few weeks later appellant brought this action on the note. At no time during the transaction was there any communication, oral or written, between the

**334**

appellees and the seller; and the seller was neither a party to the action nor a witness at trial.

The trial court held that in the absence of any affirmative step by the seller, "the action by the broker for recovery upon the note given as a deposit is premature as lacking consideration."

The contract contained the following provisions:

> If the Purchaser shall fail to make full settlement, the deposit herein provided for may be forfeited at the option of the Seller, in which event the Purchaser shall be relieved from further liability hereunder, or, without forfeiting the deposit, the Seller may avail himself of any legal or equitable rights which he may have under this Contract.

When the purchasers notified the seller through his agent that they would not complete the purchase, the seller had the right to "forfeit" the deposit, i. e., retain it as liquidated damages and call the deal off, or without forfeiting the deposit bring an action for damages for breach of contract.[1] He could not do both, and was compelled to do neither, because without declaring a forfeiture he could treat the contract as mutually rescinded. There is no evidence that the seller took any action, except perhaps there is an inference that the seller by his inaction expressed a willingness to relieve the purchasers of all liability.

The broker was not a party to the contract and had no right to attempt to enforce it by forfeiture of deposit or otherwise. Although the note was payable to the broker, he had no right to enforce collection except as agent of the seller, and there was no evidence that the seller had authorized the bringing of the suit or had taken the necessary affirmative action to support such an authorization.

Affirmed.

1. Sheffield v. Paul T. Stone, Inc., 68 App. D.C. 378, 98 F.2d 250 (1938); Schwartz v. Rettger, D.C.Mun.App., 83 A.2d 279 (1951).