# LA NORMANDIE HOTEL COMPANY *v.* SECURITY TRUST COMPANY.*

---

BILLS AND NOTES; CORPORATIONS; PRINCIPAL AND AGENT; EVIDENCE.

1. In an action by a bank of New Jersey against a corporation organized in Virginia, which was conducting a hotel in the District of Columbia and had authority to conduct a hotel in New Jersey, on promissory notes made in New Jersey by the vice president of the defendant and general manager of a hotel in New Jersey, and signed by him as agent for the defendant; it was *held* that testimony showing that such vice president and general manager kept his bank account in the city in New Jersey, where he conducted a hotel, and drew checks upon the bank as agent of the defendant in the manner required by its by-laws, and represented himself to the plaintiff's officers as doing business for the defendant and secured discounts for it; that he procured and gave to the plaintiff before he discounted the notes in suit a certificate under the corporate seal of the defendant, signed by its secretary and treasurer, authorizing its indorsement of the notes; and that, prior to the discounting of the notes, steps had been taken by the defendant to secure the lease of the hotel in New Jersey in question, although there was nothing to show that the lease had ever been procured,—required the submission of the case to the jury to determine whether the use of the corporate name of the defendant on the notes was by the defendant's authority and for its benefit.

2. An indorsement on a promissory note of the name of an individual as agent for a corporation is not a mere personal indorsement of the individual, where the latter is the vice president of the corporation, and such indorsement is preceded on one of the notes by the personal indorsement of the individual, and he is the maker of the other note, and his indorsement as agent of the corporation is in the form required by the by-laws of the corporation.

---

*Bills and Notes—Corporations.*—As to the power of corporate officers and agents to indorse negotiable paper, see note to *Gate City Bldg. & L. Asso.* v. *National Bank*, 27 L.R.A. 404.

3. A certificate under the corporate seal of a corporation, signed by its secretary and treasurer, authorizing its indorsement of a specified promissory note drawn by an individual, is sufficient to justify a bank asked to discount the note, in believing that the certificate was issued by authority of the corporation, where the secretary and treasurer of the corporation and the party making the note were stockholders and officers apparently in control of the business of the corporation.

4. Formal proceedings by the directors of a corporation are not necessary to give an officer or agent authority to execute and deliver a promissory note in the name of the corporation, for the mere purpose of procuring funds to conduct the general business of the company. (Following *Washington Times Co.* v. *Wilder,* 12 App. D. C. 62.)

5. *Semble.* An indorsement by a corporation of a promissory note for accommodation only will bind it, even if the holder for value had notice of the character of such indorsement. (Construing sec. 1333, D. C. Code [31 Stat. at L. 1399, chap. 854].)

No. 2304. Submitted December 5, 1911. Decided February 5, 1912.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action on promissory notes. *Affirmed.*

The facts are stated in the opinion.

*Mr. Francis T. Homer, Mr. William C. Prentiss, Mr. Warren B. Hunting, Mr. James McEvoy,* and *Mr. Douglas S. Mackall* for the appellant.

*Mr. George Francis Williams* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellee, Security Trust Company, hereafter referred to as plaintiff, sued appellant company, La Normandie Hotel Company, for $1,200, with interest, alleged to be due on two promissory notes. One of the notes was made by Horace M. Cake, payable to the order of P. H. S. Cake, indorsed P. H. S. Cake, and Horace M. Cake, ag't La Normandie Hotel Company. The other note was made by P. H. S. Cake, payable to the order of Horace M. Cake, indorsed Horace M. Cake and Horace M. Cake, ag't La Normandie Hotel Com-

pany. Both notes were made payable at the Security Trust Company, Camden, New Jersey. They were discounted by plaintiff at its branch bank at Cape May, New Jersey, and placed to the credit of Horace M. Cake, agent La Normandie Hotel Company. The notes in question were the last of a series of renewals of an original note for $2,000 made by Horace M. Cake, indorsed P. H. S. Cake and Horace M. Cake, ag't La Normandie Hotel Company.

The undisputed evidence shows that the defendant company was incorporated under the laws of Virginia, for the purpose of conducting the business of operating "a hotel or hotels," with principal office at Alexandria, Virginia, and branch offices in Washington, District of Columbia, where, during the times mentioned, it conducted a hotel business. It also secured permission to conduct business in New Jersey. Horace M. Cake was vice president and general manager of the company, looking after the hotel in this city during the winters, and managing a hotel at Cape May, New Jersey, during the summers. It was while operating the New Jersey hotel that the original note was given. At the time this note was discounted, and for some years prior thereto, an account of Horace M. Cake, agent La Normandie Hotel Company, had been kept with the plaintiff bank. The proceeds of this note and of all subsequent renewals thereof, including the ones in issue, were credited to this account.

Before the bank would discount the original note, it required Horace M. Cake to procure the authority of the corporation to use its name as indorser. Accordingly, the following certificate was given:

Washington, D. C., June 2, 1907.

The Normandie Hotel Co. authorizes its indorsement on note dated May 31, 1907, drawn by Horace M. Cake for $2,000. (Two thousand dollars.)

(Signed)                    P. H. S. Cake,
                            Secretary and Treasurer.

La Normandie Hotel Company corporate seal,
    Washington, D. C.

Plaintiff experienced considerable difficulty in connecting the hotel business at Cape May with the defendant corporation. We think, however, that the fact that the vice president and general manager of the defendant company was manager of the Cape May hotel, kept his bank account and drew checks upon it as agent of the defendant in the manner required by the by-laws of the company, represented himself to plaintiff's officers as doing business for defendant and as securing the discounts for defendant, coupled with the authority of defendant, signed by its secretary and treasurer, with its corporate seal attached, in the absence of contradictory proof by defendant, is sufficient to establish the fact that the use of the corporate name of defendant was by its authority and for its benefit in conducting the hotel at Cape May. It was also in evidence that, prior to the discounting of the original notes, steps were being taken by defendant to secure a lease of the Cape May hotel, but it did not appear from the meager records available at the trial that the lease had ever been secured.

It further appears that the notes were promptly protested by the bank, and notice thereof mailed to the makers and indorsers, defendant company being notice through Horace M. Cake, its agent. At the conclusion of the evidence the court, on its own motion, peremptorily directed the jury to return a verdict for plaintiff. From the judgment thereon this appeal is prosecuted. There is no conflict in the evidence as to the material facts. The only question involved is whether, as matter of law, the evidence is sufficient to establish the liability of defendant.

It is contended by defendant that the indorsement on the original note in the form Horace M. Cake, ag't La Normandie Hotel Company, amounted to nothing more than the personal indorsement of Horace M. Cake. If this had been the intention and understanding of the parties, it is not apparent why the name of Horace M. Cake should appear as a personal maker or indorser on each of these notes. It further appears that the indorsement was in the proper form required by the by-laws of the defendant corporation. Section 1 provides:

"All moneys of the company shall be deposited in some bank to be selected by the president or vice president, and shall be subject to check signed by either the vice president or the treasurer as agent for La Normandie Company. All checks, drafts, or notes shall be indorsed in the name of the company, by either the vice president or treasurer, in the same manner." Horace M. Cake was the vice president of the company.

It is also contended by the defendant that the certificate purporting to give the authority of the corporation to make the indorsement is not sufficient to bind the corporation. It appears that the business of this company was conducted almost entirely by Horace M. Cake, vice president and general manager, and P. H. S. Cake, secretary and treasurer. These two stockholders and officers apparently were in control of the business of the company. P. H. S. Cake testified that at the time this indorsement was authorized he was in charge of the business of the company in Washington. We think that this certificate, given over the signature of the secretary and treasurer, with the corporate seal attached, was sufficient to justify the plaintiff in assuming that the certificate was issued by authority of the company,—in other words, that, in the light of the facts disclosed, the defendant is not in position now to defeat this obligation by taking refuge behind what it claims to be the unauthorized act of his agents, whom it held out to the public as clothed with full authority to represent it in the conduct of its business. It is well settled that a corporation, under circumstances of this kind, may be bound by the unauthorized acts of its agents, who are clothed with authority to generally represent it. *Merchants' Nat. Bank* v. *State Nat. Bank,* 10 Wall. 604, 19 L. ed. 1008; *Lafayette Sav. Bank* v. *St. Louis Stoneware Co.* 2 Mo. App. 299; *Madison & I. R. Co.* v. *Norwich Sav. Soc.* 24 Ind. 459; *Mechanics' Bkg. Asso.* v. *New York & S. White Lead Co.* 35 N. Y. 505.

But we are not required to turn this case upon the binding effect of the certificate of authority. It is settled law that formal proceedings by the directors of a corporation are not necessary to give an officer or agent authority to execute and

deliver a promissory note in the name of the corporation, for the mere purpose of procuring funds to conduct the general business of the company. In *Washington Times Co.* v. *Wilder,* 12 App. D. C. 62, 65, this court said: "There is no question of the power and authority of the defendant corporation to contract debts, and to make and deliver promissory notes for such debts; and the execution of such powers can generally only be effected by a manager, president, or some other officer or agent of the corporation. But it does not require any formal proceeding, such as the recording of votes, orders, or resolutions of the corporation, to clothe the party with authority, either under the designation of manager, or otherwise, to sign and deliver the notes of the corporation. That authority could have been delegated to an agent *pro hac vice,* whether he be called manager or something else, without written evidence of the fact; and as Mr. Conn was both president and general manager of the company, he could have authorized the execution and delivery of the notes for the precedent debt. then due, as an act within the scope of his general powers." We are therefore of opinion that, since the money derived from these discounts was used by Horace M. Cake in conducting the general business of defendant in connection with the operation of the hotel at Cape May, it would have been within his power to have made the indorsement binding upon the corporation, without the certificate of authority.

It is insisted, however, that the indorsement was for accommodation only. If this were true it would not affect defendant's liability (D. C. Code, sec. 1333 [31 Stat. at L. 1399, chap. 854]), whether the holder for value had notice or not that defendant was such indorser. This, however, is not essential to the determination of the issue, since we think it clearly appears that the loan was made by appellant's authorized agent for its use and benefit.

The judgment is affirmed, with costs, and it is so ordered.

*Affirmed.*