## METROPOLITAN DISCOUNT CO. v. DAVIS.

No. 8516—Opinion Filed Janu. 29, 1918,

(170 Pac. 707.)

1. **Bills and Notes—Allegation of Indorsement—Answer—Issue.**

An allegation by the plaintiff of indorsement of bills of exchange is not put in issue by a verified allegation in the answer that defendant "denies that the bills of exchange were transferred and indorsed to said plaintiff for a valuable consideration before maturity."

2. **Bills and Notes—Indorsement — Consideration. .**

An indorsement of a negotiable instrument by the payee of itself imports a valuable consideration.

3. **Bills and Notes—Indorsement—Time—Presumption.**

When the indorsement of a negotiable instrument is not dated, the indorsement and negotiation is presumed to have been made before maturity.

4. **Bills and Notes—Indorsement — Rubber Stamp — Authority — Presumption—Verification.**

An indorsement of the name of the payee on a bill of acceptance by means of a rubber stamp is sufficient, if such indorsement was made by authority of the payee, and there is no presumption of want of such authority when the indorsee in a suit on the instrument alleges due indorsement. such allegation being taken as true. unless the denial thereof is duly verified.

(Syllabus by Stewart, C.)

Error from District Court, Cotton County; Cham. Jones, Judge.

Action by the Metropolitan Discount Company against F. D. Davis. Judgment for defendant, and plaintiff brings error. Reversed with directions.

I. K. Revelle, for plaintiff in error.

Dudley B. Madden and W. A. Ruggles, for defendant in error.

Opinion by STEWART, C. This case involves liability of the defendant to the plaintiff on five negotiable bills of acceptance each for $59.20 and bearing date, January 20, 1914, payable to the order of National Novelty Import Company, due re-

spectively 4 months, 6 months, 8 months, 10 months, and 12 months after date. The plaintiff corporation alleged that it was the owner and holder of such bills in due course for valuable consideration and by due indorsement before maturity; that the defendant had paid on the first due the sum of $25 on July 2, 1914, and the further sum of $25 on July 21, 1914, as shown by indorsement thereon. The defendant filed answer, admitting the execution of the bills, but denying that the plaintiff was the owner or holder of the same in due course, and denying that the same were transferred and indorsed to said plaintiff for valuable consideration before maturity. The answer was not verified, but afterwards defendant filed what was called "Amendment to Answer," which was signed and verified, reading as follows:

"I, F. D. Davis, being first duly sworn, on my oath say that I am defendant in the above entitled action, and that the certain denial contained in the above and foregoing answer in said action, in words as follows, to wit 'especially denies that said bills of exchange mentioned in said bill of particulars were transferred and indorsed to said plaintiff for a valuable consideration before maturity' is true."

The defendant alleged that said bills of acceptance were signed in pursuance of a contract made with the National Novelty Import Company by its agent and representative T. K. Smith for the purchase of certain articles of jewelry, and that defendant had sustained damages in the sum of $500 because of breach of an alleged warranty of such goods. The evidence shows that the payee indorsed the bill of acceptance before maturity to the plaintiff, and received valuable consideration therefor; that plaintiff had no knowledge of any defense to the same, there being no evidence tending to disprove such facts. The trial court, however, submitted the cause to the jury on the issue of damages and, the jury returning a verdict for the defendant, the trial court rendered judgment accordingly, from which judgment the plaintiff duly appeals.

The trial court refused, on request of the plaintiff, to instruct the jury on the question of the plaintiff being an innocent purchaser for value and a holder in due course. Such failure of the court is assigned by the plaintiff as error, and it is also contended that the plaintiff was entitled to judgment on the pleadings and under the undisputed evidence. The defendant urges that his amendment to the answer, in which he says that he "denies that said bills of acceptance mentioned in the bill of particulars were transferred and indorsed to plaintiff for valuable consideration before maturity is true," was sufficient to put in issue the indorsement of the bills of acceptance under section 4759, Rev. Laws 1910, providing, among other things, that:

"Allegations of the execution of written instruments and indorsements thereon, * * * shall be taken as true unless the denial be verified by the affidavit of the party, his agent or attorney."

We cannot agree with learned counsel for defendant; the affidavit does not deny the indorsement, but denies that the bills were indorsed to plaintiff for a valuable consideration before maturity. The averment is not sufficient to put in issue the allegation of plaintiff as to the indorsements, which indorsements of themselves import valuable consideration, and it is provided in section 4095, Rev. Laws 1910, as follows:

"Except where an indorsement bears date after the maturity of the instrument, every negotiation is deemed prima facie to have been effected before the instrument was overdue."

The indorsements in the instant case bearing no date, it must therefore be presumed that they were made before maturity. Even if the answer were sufficient to put in issue the question of indorsements, there was evidence introduced showing that the indorsements were duly made, and there is no evidence to the contrary.

It is contended, however, by the defendant that the evidence shows that the indorsements were made by the use of a rubber stamp, and therefore are not sufficient. The means by which an indorsement is made is not so important as is the intention of the purported indorsee. An indorsement of the name of the payee on a bill of acceptance by means of a rubber stamp is sufficient, if such indorsement was made by authority of the payee, and there is no presumption of want of such authority when the indorsee in a suit on the instrument indorsed alleges due indorsement. The maker of the bills of acceptance in the case at bar is therefore in no position to complain as to the manner of indorsement. Cadillac State Bank v. Cadillac Stave and Heading Co., 129 Mich. 15, 88 N. W. 67; Deep River National Bank Appeal, 73 Conn. 341, 47 Alt. 675; Herrick v. Morrill, 37 Minn. 250, 33 N. W. 849, 5 Am. St. Rep. 841. Under both the pleadings and evidence in this case the plaintiff is entitled to recover.

The judgment is reversed, with instructions to render judgment for the plaintiff for the face of the bills of acceptance, with interest at the rate of 6 per cent. from their respective dates of maturity, less the amounts paid to be credited as of the dates same were paid and costs.

By the Court: It is so ordered.