### HOLLEY v. SMALLEY.

(Court of Appeals of District of Columbia. Submitted October 13, 1920. Decided January 3, 1921.)

No. 3369.

1. **Bills and notes** ⬷⬵493(2)—**Presumption of consideration cannot prevail against testimony.**

The presumption of consideration for a negotiable instrument, created by the Negotiable Instruments Law (Code of Law, 1910, § 1328), disappears when confronted by facts setting up either absence or failure of consideration, in which case, as between the original parties, the burden is on the plaintiff to prove that he is a holder for value by preponderance of the evidence without resorting to the presumption, and where all the evidence showed the failure of consideration it was error to refuse to direct a verdict for defendant.

2. **Bills and notes** ⬷⬵97(1)—**Failure to surrender existing notes defeats recovery on renewal note.**

In an action on a note, where it was undisputed that the note in suit was given to the payee on consideration of his promise to surrender prior notes given by the maker to the payee, the failure of the payee to surrender the prior notes establishes failure of consideration for the note in suit, regardless of whether there was any consideration for the prior notes.

3. **Bills and notes** ⬷⬵448—**Assumpsit, declaring on common counts or special contract, proper for recovery on note.**

A suit on a promissory note may be sustained on a declaration in assumpsit, either on the common counts or on a declaration on the contract.

4. **Executors and administrators** ⬷⬵450—**Evidence that payee's estate was financially involved is immaterial.**

In a suit by an executor on a note given his testator, evidence that the estate was financially involved and had practically no assets, except the note in suit, was immaterial and inadmissible.

5. **Evidence** ⬷⬵314(1)—**Testimony deceased payee attempted to borrow money to lend to maker is hearsay.**

In an action by the executor on a promissory note given his testator, where the defense was want or failure of consideration, testimony that deceased was repeatedly attempting to borrow money from witness to lend to the maker, despite the witness' warnings, was hearsay and inadmissible.

---

⬷⬵For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Supreme Court of the District of Columbia.

Assumpsit by William A. Smalley, as executor of T. S. Leach, deceased, against Francis Holley. Judgment for plaintiff, and defendant appeals. Reversed and remanded for a new trial.

L. J. Mather, of Washington, D. C., for appellant.

A. Coulter Wells, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This suit in assumpsit was brought by appellee to recover from defendant, Holley, upon a promissory note the sum of $3,923.27. From a judgment for the amount sued upon, defendant appeals.

The defense is, in substance, that the note in question was given in satisfaction of a series of notes given from time to time by Holley for printing done by Ferris & Leach for the Bureau of Commercial Economics, a charitable organization, of Washington, D. C., of which defendant was president. The notes were given upon the assurance of Leach that he had personally assumed the indebtedness of the bureau to his firm, which, upon the testimony of his partner, Ferris, was shown to have been false. From the abstract of the testimony of the principal witness for defendant, as set forth in the record, the facts relating to the execution of the present note and the consideration therefor were stated as follows:

"On the 1st day of July, 1917, decedent, when on one of his weekly visits to Washington, told the defendant, in the presence of witness, that certain property of his in Philadelphia was jeopardized, as foreclosure proceedings were being had against it, and he wanted defendant to give him a note, embracing all the other notes he had already given him, which he could use in the attempt to save his property from this foreclosure; but Mr. Holley insisted that he would not sign the note asked for unless all his other notes—delivered to decedent prior to that time—were returned to him, and said decedent promised that he would look them up immediately upon his return to Philadelphia and send them over to Mr. Holley, and, upon this assurance being given the defendant, said decedent made out the note for $3,923.47 (the note in question) and left it in the office of the bureau in the Southern Building for defendant's signature, he having gone out in the meantime, and when he returned to his office said defendant signed the note and mailed it to decedent in Philadelphia; that decedent did not send the old notes back to defendant as he promised, and never has returned them to him, and they are still outstanding and unpaid. On cross-examination witness testified that she was very intimately acquainted with decedent; that the note in suit was given to decedent by the defendant for his accommodation to enable him to prevent foreclosure of his Philadelphia property; that defendant had from time to time given plaintiff's intestate certain notes which were given without any consideration whatever; that it was not a fact that all the notes given by Mr. Holley were given entirely for printing bill; that she remembered that Mr. Holley had given Mr. Leach a note back as early as 1915; that she was not certain as to the number or the amounts of these notes, but that she knew they were given without consideration and were only given as accommodation notes."

[1] At the conclusion of the evidence, counsel for defendant moved the court for a directed verdict, which was denied, and to which counsel duly excepted. We think this was error. The case should not have been submitted to the jury on the case made by the plaintiff. When the plaintiff introduced the note and rested, he had made a

prima facie case, which, if unchallenged, would have been sufficient to sustain a verdict and judgment in his favor. The Negotiable Instruments Law (Code D. C. § 1328) provides:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

This amounts, however, to a mere legal presumption, which disappears when confronted by facts setting up either absence or failure of consideration. Here the failure of consideration was established, not only by the witnesses for the defense, but by a letter which plaintiff introduced and thereby adopted as part of his proof. This letter was written by defendant to one Francis S. McIlhenny, of Philadelphia, in which, among other things, he stated:

"The notes which I gave Mr. Leach were not accommodation notes, but covered the amount advanced to me from time to time, and the new one of July 1st was given to take the place of the others, which he promised to return to me, and which I have not received."

The court is not justified in submitting to a jury a case, where they are only called upon to weigh a mere legal presumption against all the facts adduced at the trial.

In Smith v. Sac County, 11 Wall. 139, 20 L. Ed. 102, suit was brought upon certain bond coupons by the holder by transfer of the bonds and coupons. Evidence was introduced in defense that the bonds had originally been procured through fraud. Plaintiff failed to prove that he was a purchaser for value. In upholding a judgment denying recovery, the court said:

"Treating the bonds and coupons sued on in this case, which are payable to bearer, as negotiable paper, and conceding to its fullest extent the protection which commercial usage throws around such paper in the hands of a bona fide purchaser for value before maturity, it is nevertheless undoubtedly true that circumstances may be shown in connection with the origin of such paper, which will devolve upon the holder the burden of showing that he *did* give value for it before maturity. * * * But to hold that, after all this was shown in defence, such holder should have a judgment on those bonds, without any proof that he purchased them for value or that he gave any consideration for them at all, is in our judgment pushing the doctrine which gives sanctity to negotiable paper beyond any just principle or any decided case."

In Stewart v. Lansing, 104 U. S. 505, 26 L. Ed. 866, where the questions involved were substantially the same as in the preceding case, the lower court, holding that the plaintiff had failed to adduce evidence of his bona fide ownership sufficient to \send the case to the jury, instructed a verdict for defendant. The Supreme Court, in sustaining this action, said:

"It is an elementary rule that, if fraud or illegality in the inception of negotiable paper is shown, an indorsee, before he can recover, must prove that he is a holder for value. The mere possession of the paper, under such circumstances, is not enough. Smith v. Sac County, 11 Wall. 139. * * * This makes it necessary to inquire whether upon the testimony the burden of establishing a bona fide ownership was so far overcome at the trial as to make it improper for the court to take that question from the jury. * * *

While it would not, perhaps, have been improper for the court, in the exercise of its rightful discretion, to leave the case to the jury on the evidence, we cannot say it was error not to do so."

If, upon proof of fraud or illegality in the inception of the negotiable paper, the indorsee or transferee thereof cannot avail himself of the presumption of bona fide ownership, certainly as between the original parties thereto, upon proof of want or failure of consideration, the burden is upon the plaintiff to prove by a preponderance of the evidence, without the aid of the presumption of consideration, that he is a holder for value.

[2] As we view the case, it matters not whether the earlier notes were accommodation notes, as testified to by defendant's principal witness; since it is not denied that Leach held certain of defendant's notes, he promised surrender of which was the consideration for the note here in issue. The notes were not presented in court or accounted for, as should have been done. Until the prior notes were surrendered to defendant, there was a total failure of consideration for the present note.

There are other assignments of error, which, in view of a possible retrial, will be briefly considered.

The declaration is in two counts. The first declares on a promissory note for the full amount claimed, and the second is on the common counts. Defendant pleaded non assumpsit and nil debet, and by affidavit of defense set up failure of consideration for the note.

[3] The alleged lack of any evidence whatever in support of the cause of action on the common counts led to a motion for a directed verdict on the second count, which was denied. This is assigned as error. In assumpsit, a declaration on the common counts may be supported by evidence of an existing contract not under seal. A suit upon a promissory note may be sustained upon a declaration in assumpsit, either upon the common counts or upon a declaration upon the contract. That being true, and the verdict being a general one for the amount sued upon and judgment accordingly, we think there was no error in denying the motion for an instructed verdict upon the second count.

[4, 5] Error was committed in permitting plaintiff to testify, over the objection of defendant, as to the financial condition of the deceased, to the effect that the estate was heavily involved, "so that there is now only $700 left in the estate beside the note in suit," and to the further effect that the deceased "was repeatedly attempting to borrow money from witness in his lifetime to lend to Mr. Holley despite the fact that witness warned him against so doing." The testimony as to the financial condition of the deceased was not material in any respect to the issues involved, and therefore not admissible upon any theory known to the law, and the testimony as to his attempting to borrow money to lend to defendant was hearsay, and for that reason inadmissible.

The judgment is reversed, with costs, and the case is remanded for a new trial.

Reversed and remanded.