**Madelyn N. BRICE, Appellant,**

v.

**Alice S. HERRMANN, Appellee.**

**No. 1909.**

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 10, 1956.

Decided Jan. 24, 1957.

J. Flipper Derricotte, Washington, D. C., for appellant.

Marshall P. Johnson, Washington, D. C., with whom Edwin Shelton, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

ROVER, Chief Judge.

Appeal from a judgment on the pleadings in favor of the appellee. The complaint claimed a balance of $1,662.63 upon a promissory note executed by appellant for $2,500 which had become due by virtue of an acceleration provision in a second deed of trust securing the note. The note was payable to the order of one Verna Lee Anderson and it was claimed to have been subsequently negotiated to the appellee.

The answer denied the debt and then recited the underlying facts of the transaction in order to show that the appellant was an accommodation maker or, in the words of the answer, had "acted as a straw [party], without consideration" for a stranger to the note. The answer alleged that the appellee knew of these underlying facts and that she was "not a holder for value, without notice, and in due course."

When the case was presented to the pre-trial judge he made a determination that the answer did not raise any material issue of fact and did not "assert any defense cognizable at law against a holder or a holder in due course" and when counsel for appellant rested on the answer, entered judgment on the pleadings for the amount claimed; the appeal is from this judgment.

Counsel for appellant argues (1) that the answer does raise triable issues of fact and (2) that the pre-trial judge had no right sua sponte to grant such a judgment. If the first of these contentions is valid, a judgment on the pleadings was improper and we need not consider the second.

A holder for value may recover against an accommodation maker, although at the time of taking the instrument he knew it to be such paper.[1] However appellant, claiming to be an accommodation maker, denied in her answer that appellee was a holder for value. If this defense is not controverted by admissions contained in the answer nor by undenied recitals of consideration on the instrument itself,[2] it constitutes a triable issue. Of course, the instrument prima facie imports a valuable consideration for its issuance and every signatory is deemed "to have become a party thereto for value."[3] But this presumption of consideration does not by itself entitle appellee to a judgment on the pleadings.[4] The answer, recounting land transactions underlying the note, did not connect the parties so involved with names appearing upon the note. Nowhere did the answer admit the passing of valuable consideration from either the appellee or prior parties.

The answer, asserting that defendant was an accommodation maker and that plaintiff was not a holder for value, if supported by the proofs at trial, would be a sufficient defense to a suit by a mere holder of accommodation paper. Therefore the pre-trial judge was presented an issue requiring trial and it follows that the rendition of a judgment on the pleadings because the appellant elected to stand on an answer containing no defense "against a holder or a holder in due course" was unwarranted.

Since the judgment is reversed, we do not decide the question whether a pre-trial

---

1. Code 1951, § 28–206.

2. See, e. g., Cline v. Receiver of Commericial Nat. Bank, 7 Cir., 90 F.2d 968.

3. Code 1951, § 28–201.

4. Holley v. Smalley, 50 App.D.C. 178, 180, 269 F. 694, 696; Reed v. Turner, D.C. Pa., 2 F.R.D. 12.

judge may enter judgment on the pleadings under Rule 12(c) of the Rules of the Municipal Court when neither litigant has so moved.

Reversed.