**Harry ISARD, Appellant,**

v.

**David APPLESTEIN, as assignee of the claims of Harry M. Applestein, Herman Applestein, Ben Applestein, Sarah Markowitz, Kate Eisenberg and Ethel Norman, Appellee.**

**No. 2223.**

Municipal Court of Appeals for the District of Columbia.

Argued August 25, 1958.

Decided Oct. 2, 1958.

---

Joseph V. Gartlan, Jr., Washington, D. C., with whom Leonard S. Melrod, Wash-

ington, D. C., and S. Anthony diCiero, Washington, D. C., were on the brief, for appellant.

Edward L. Genn, Washington, D. C., for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776 (b).

CAYTON, Acting Judge.

Action by payee against maker of a check given as deposit on a contract for purchase of real estate. At conclusion of plaintiff's case defendant moved for dismissal and announced that he would stand on the motion and offer no evidence in his own behalf. Decision was in favor of plaintiff.

■ The case coming to us in that posture we, like the trial court, must view the evidence in a light most favorable to plaintiff.

There was no question that defendant gave plaintiff the check as a deposit in connection with his written contract to buy certain real estate. The contract contained the following clause:

> " * * * the deposit herein provided for may be forfeited at the option of the seller, in which event the purchaser shall be relieved from further liability hereunder, or without forfeiting the said deposit the seller may avail himself of any legal or equitable rights which he may have under this contract."

It was not disputed that the contract recited: "Property Sold As Is, and is condemned by the D. C. Government."

By his answer and counterclaim defendant charged that he was induced to enter into the contract by plaintiff's representation that the violations for which the property was condemned could be "voided" by corrective work costing not more than $2,000, whereas the actual cost of such work was twice that amount. Defendant alleged that he thereafter told plaintiff of this enlarged figure and demanded the return of the contract, and that they mutually agreed to a rescission of the contract.

Only a brief recital is necessary to help decide whether plaintiff established a prima facie case. Plaintiff might have offered the check, together with proof of its non-payment, and rested. Holley v. Smalley, 50 App.D.C. 178, 269 F. 694. But he went further into the proof and anticipated matters of defense. He introduced the sales contract and defendant's check, both dated July 25, 1957, with evidence that the check had been returned unpaid because of insufficient funds. He testified that defendant had by letter of August 19 sent him a copy of the contract marked "void" and requested return of the check; that plaintiff promptly demanded payment of the check. Plaintiff testified that he had never agreed to return the contract or check, and that he was prepared to go ahead with the deal and tender a deed and make settlement. (On cross-examination he was not asked anything concerning the alleged representations as to cost of repairing the property, or as to actual cost of such work.)

Plaintiff produced a witness from the District Board of Condemnation, who testified that an order of condemnation of this property was served July 15, 1957, that a repair permit was issued October 11, 1957, that the repairs were completed, and the condemnation order cancelled on December 31, 1957. Neither from him nor from any other source did defendant develop the cost of the work.

Defendant, who is a real estate broker, was called as an adverse witness by plaintiff and admitted that when the check was drawn he did not have enough money on deposit to cover it. He said he sent the bank a stop-payment order on the check; but he did not produce a copy of such order or say when it was sent.

■■ It seems quite plain that the evidence above summarized established a

prima facie case. The suit was on a check which imported consideration.[1] No special sanctity surrounds a check in the hands of the original payee. In a suit by payee against maker it is subject to any of the defenses available against enforcement of other written contracts.[2] But a defendant must do more than merely suggest a defense; he must come forward with proof to sustain his burden.

Such is the law when the defense is want of consideration in cases of contract as well as negotiable instruments.[3] Defendant in this case made no attempt to meet that duty, and the trial judge would have had no ground for sustaining the defense of want of consideration.

The same must be said of the claim that plaintiff had misrepresented the cost of required repairs. Defendant offered no testimony as to the amount of work required by the District to lift the condemnation order, how much work was actually done, or how much it cost.

The same is also true of another claimed defense: that the property was later resold at a much higher price. This, defendant's counsel said he would prove; but no word of evidence was produced on the subject.

Appellant contends that the vendor was required to elect between his right (1) to forfeit the deposit and retain it as liquidated damages, and (2) to establish actual damages by resale to a third party. It is clear that such an election was not required here. In this case, as the record shows, defense counsel admitted a breach of the contract, but questioned whether plaintiff had proven more than nominal damages, and also urged that plaintiff could not prevail because he had not tendered a deed. Several years ago we held that tender of performance is not required of a vendor when the vendee makes it clear that he will not complete the purchase. Sabghir v. Ginsburg, D.C.Mun.App., 51 A.2d 308, 309. There we said, " * * * when the seller was notified by appellant that he * * * would not go through with the contract, the seller was not required to make any tender of performance but was at liberty to treat the contract as breached and declare the deposit forfeited." See also Barnette v. Sayers, 53 App.D.C. 169, 289 F. 567; Sheffield v. Paul T. Stone, Inc., 68 App.D.C. 378, 98 F.2d 250. More recently, in a case involving a check given as deposit, we held that a clause authorizing forfeiture of deposit was valid and enforceable against a defaulting purchaser and that he was liable on the check. Brodsky v. Linder, D.C.Mun.App., 118 A.2d 803.

On the basis of plaintiff's prima facie showing and defendant's failure to contest it by evidence, it must be held that the case was correctly decided.

Affirmed.

---

1. Holtey v. Smalley, supra.

2. Knight v. Sontag, D.C.Mun.App., 99 A.2d 217.

3. Sheriger v. Gruner, D.C.Mun.App., 34 A.2d 35.