Frank M. MANZON and Rose Manzon,
Appellants,

v.

W. R. GREENWALD, Appellee.

No. 2210.

Municipal Court of Appeals for the
District of Columbia.

Argued July 28, 1958.

Decided Nov. 12, 1958.

Herman Miller, Washington, D. C., for
appellants.

John T. Reges, Washington, D. C., for
appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee, as indorsee of a promissory
note sued appellants, the makers. The trial
court found appellee to be a holder in due
course and awarded judgment in his favor.

Appellants contend that the find-
ing that appellee was a holder in due

course was in error because the note was not complete and regular on its face.[1] The claim of incompleteness is based on the fact that the place of payment was not specified in the space provided therefor on the printed form. So far as negotiability is concerned, place of payment is not a material element.[2] The claim of irregularity is based on the fact that the blanks in the printed form appear to have been filled in by different persons using different colored inks. It is generally held that mere differences in handwriting or ink do not establish irregularity in the note as a matter of law, but constitute factors for consideration by the trier of the facts.[3]

Appellee also makes the contention that the note was irregular because of the order of the indorsements. This contention apparently is based on the fact that the second indorsement was placed above the first and the third below the first. The law requires that indorsements be written on the instrument itself or upon a paper attached thereto,[4] but it does not require that they be written in any particular order, especially when the true sequence is clearly indicated by the indorsements themselves.

Finally, appellants contend that appellee cannot be considered a holder in due course because he offered no proof of the validity of the indorsements. Every holder of a negotiable instrument is deemed prima facie a holder in due course.[5] Had appellants made any showing of a defect in any of the indorsements, appellee would have been required to prove his status as a holder in due course, but appellants made no such showing. As we recently remarked, a defendant must do more than merely suggest a defense; he must come forward with some proof.[6]

Affirmed.

1. Code 1951, § 28–402.

2. Code 1951, § 28–102.

3. 10 C.J.S. Bills and Notes § 328b.

4. Code 1951, § 28–302.

5. Code 1951 § 28–409.

6. Isard v. Applestein, D.C.Mun.App., 144 A.2d 925.