Edward C. JONES and Imogene C. Jones, Appellants,

v.

RAYMOND P. KEIFLIN, INC., Appellee.

No. 2440.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 17, 1959.

Decided Sept. 18, 1959.

3. Code 1951, § 7-321.

Jeremiah T. Riley, Washington, D. C., for appellants.

Cullen B. Jones, Jr., Washington, D. C., with whom W. Byron Sorrell, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code § 11–776(b).

PER CURIAM.

Before us for review, in this action on a note, is the question whether relevant evidence was improperly excluded.

Keiflin had contracted to build a house for Mr. and Mrs. Jones in Maryland. After the work got underway construction was halted because of condemnation proceedings brought by the State Roads Commission. The note in suit was given, along with a check, in payment of work already performed. The defense was want of consideration, it being claimed that the note was executed under a misapprehension of the true value of the work. Defendants also filed a counterclaim for moneys allegedly overpaid to plaintiff contractor.

Interrogatories were exhibited to plaintiff before trial, and responding to one of them plaintiff furnished a statement as to costs incurred on the job. The statement showed a total substantially smaller than that on which defendants' payment was based. This also appeared at trial. During the trial defendants' counsel sought to use the records of plaintiff company as evidence. The records were in court, having been produced by understanding between counsel. But the trial court ruled them inadmissible. This was error.

In a suit by payee against maker, a note is subject to any of the defenses available against other written contracts. Isard v. Applestein, D.C.Mun.App., 144 A.2d 925; Knight v. Sontag, D.C.Mun.App., 99 A.2d 217.

Here liability was denied on the ground that plaintiff's charges for the partial construction were discovered to be excessive; this was also the basis of the counterclaim. Defendants were entitled to develop that claim by evidence, and we know of no reason why plaintiff's records should have been held inadmissible for that purpose.

Reversed, with instructions to award a new trial.