Sarah A. HECKMAN, Appellant,

v.

The NATIONAL BANK OF WASHINGTON,
Appellee.

No. 3472.

District of Columbia Court of Appeals.

Argued May 18, 1964.

Decided June 26, 1964.

Edward A. Waldmann, Washington, D. C., for appellant.

John C. Duncan, III, with whom John J. Pyne, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

Sarah Heckman was sued as co-maker of a promissory note. She defended on the ground that the makers, Mr. and Mrs. Grist, had filed a petition for Wage Earners Plan under Chapter XIII of the National Bankruptcy Act; that the Plan had been approved by the Referee in Bankruptcy; that plaintiff as an unsecured creditor of the Grists is compelled to accept payment under the Plan approved by the Referee; and that to permit recovery against her as co-maker would give the bank a preferred status against other creditors of the Grists. After a hearing the trial court granted a summary judgment in favor of plaintiff, and this appeal followed.

There is no dispute as to the facts and the whole story is revealed in the pleadings and exhibits. The note bound the parties jointly and severally, and provided that in the event of default in any monthly payment or bankruptcy of any party it would become payable in full. Mr. and Mrs. Grist petitioned the United States District Court for the District of Maryland for confirmation of Wage Earners Plan under Chapter XIII of the National Bankruptcy Act, 11 U.S.C.A. § 1022, and after notice to creditors the Referee in Bankruptcy on Oct. 9, 1963 approved the plan under which the Grists were to make monthly payments to a named Trustee for ultimate distribution to creditors. This suit against the co-maker was filed two months later.

Appellant's principal argument is that since plaintiff bank was an unsecured creditor of the makers of the note, it should not be given a preferred status as against the co-maker. The argument is fallacious.

It is of course correct to say that in the bankruptcy case the bank would have the same status as other unsecured creditors of the Grists. It is incorrect to say that because of the bankruptcy the bank lost its right to sue the co-maker. That right is prescribed and protected in the note itself, and is not affected by any general provision of the Bankruptcy Act or by the Wage Earners Plan. The Plan is not complicated or difficult to understand. It gives a wage earner the opportunity to avoid multiple suits and attachments by submitting his future earnings to control and distribution by the bankruptcy court. It does not touch the right of a creditor to pursue his remedy against a surety, guarantor or co-debtor of the bankrupt.

This is the answer to appellant's contention that the bank cannot "take itself out of the Wage Earners Plan." The bank was never subject to the operation of the plan insofar as its claim against the co-maker is concerned. Under the terms of the note the co-maker is a party primarily liable. Brice v. Herrman, D.C.Mun.App., 128 A.2d 790 (1957). The decision of the trial court was correct and will be

Affirmed.