LEAHY, EXECUTRIX *v.* McMANUS ET AL.

[No. 149, September Term, 1964.]

Decided February 8, 1965.

452

[redacted]

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY, SYBERT and OPPENHEIMER, JJ.

*W. Graham Boyce, Jr.,* with whom was *Wylie L. Ritchey* on the brief, for the appellant.

*Francis N. Iglehart,* with whom were *Brune, Robertson & Iglehart* on the brief, for Charles E. McManus, Jr., an appellee.

No brief and no appearance for the corporate appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

This appeal is from a judgment absolving the individual appellee from personal liability on a note of the corporate appellee, on the ground that the former signed in a representative capacity.

The note, dated April 15, 1957, reads: "—Four months after date we promise to pay to the order of A. Hamilton Leahy— One Thousand and no/100—Dollars Payable at ............ Without defalcation, value received, with interest." There follows authority to confess judgment. The note bears the stamped name of Multi-Krome Color Process, Inc. (the corporation); immediately below are the signatures and seals of the individual appellee, C. E. McManus, Jr. (McManus) and C. E. Delauney (Delauney), without designation of any representative capacity. A. Hamilton Leahy (Leahy), the payee of the note, died on October 10, 1962, and suit on the note was brought in the Circuit Court for Baltimore County by his executrix, the appellant herein. Judgment by confession was entered against both the corporation and McManus; McManus filed a motion to vacate the judgment, stating under oath that he had signed the note solely as an officer of the corporation; testimony was taken on the motion, and Judge

Turnbull vacated the judgment against McManus, setting the case to be heard on the merits.

Certain facts, adduced at the two hearings, are undisputed. The $1000 represented by the note went into the corporation's funds. At the time the note was executed, Leahy was a stockholder and director of the corporation. McManus was chairman of the Board, and Delauney was the corporation's treasurer. On October 24, 1956, when the corporation was in some financial difficulties, although not insolvent, the corporation's board of directors passed a resolution requiring the counter-signature on all the corporation's checks of either McManus or one Ralph Bolgiano, in addition to the already authorized signatures of the treasurer (Delauney), the president, or the vice-president. Delauney prepared the note here involved. The corporation, at the time of suit, had discontinued operations and was insolvent. Leahy never made demand on the corporation or McManus for payment of the note during his lifetime.

At the hearing on the motion to vacate, Bolgiano testified that the corporate resolution as to signing of checks was meant to and did apply to the signing of all corporate obligations. McManus testified to the same effect at the hearing on the merits. The resolution had not been prepared by the corporation's counsel. At the time of the second hearing, Bolgiano was deceased, as were all the other persons involved, other than McManus. McManus testified that he had made advances to the corporation, and that Leahy had lent money to Delauney, whose estate, at the time of his death, was insolvent. McManus also stated that he signed the note "as a result of the new set-up" of the corporation, under which he was authorized to sign for the corporation. He was not permitted to testify as to any conversations with Leahy about the note, because of the Dead Man's Statute, Code (1957) Art. 35, Section 3, but on cross-examination, stated that the "we" in the note referred to the corporation, as "a collective group", and that he signed in a representative capacity.

At the conclusion of the testimony, the lower court held that there was a *prima facie* case against McManus, but found that, on the evidence, Leahy knew that McManus and

Delauney, were signing in representative .capacities and accepted the note as the obligation of the corporation alone. The court's verdict was for McManus; the judgment against the corporation remained undisturbed.

The appellant's first contention is that the lower court erred in vacating the judgment by confession, although retaining the lien until the case was heard on the merits. Under Maryland Rule 645b, on motion duly made by the defendant on such a judgment, the court shall take such action "as justice may require." We have held that the court's discretion shall be liberally exercised. *Remsburg v. Baker,* 212 Md. 465, 129 A. 2d 687 (1957) and cases therein cited. There was, in this case, no abuse of the court's discretion in vacating the judgment.

The appellant's principal contention is that the lower court erred in finding that McManus signed the note only in a representative capacity. It is clear, as the appellant contends, that an endorsement can be written anywhere on the instrument; that a person may endorse a negotiable instrument in a representative capacity in such terms as to negative personal liability; and that, in the absence of such express negation, the endorser is liable to a holder for value. Code (1957) Art. 13, Sections 52, 65, 87. It has been held that ordinarily a corporation may validly sign an instrument by stamp. *Farmington State Bank v. Delaney,* 167 Minn. 394, 209 N. W. 311 (1926); *Metropolitan Discount Co. v. Davis,* 69 Okla. 111, 170 Pac. 707 (1918). See generally, Annot. 46 A.L.R. 1498 (1927). 'Even though no holder for value is here involved, absent permissible evidence that McManus signed only in a representative capacity, he would be liable as a maker or an endorser.

As between the parties, in this State, while a person who signed a note made by a corporation is *prima facie* liable to the payee, if there is conflict in the evidence relative to the circumstances, the individual who signed that note is not liable if he affirmatively shows an understanding between him and the payee that there was to be no personal liability. *Belmont Dairy Co. v. Thrasher,* 124 Md. 320, 92 Atl. 766 (1914). While the Uniform Commercial Code was not in

effect at the time of the transaction here involved, the Code embodies this principle. Code (1957) Art. 95 B, Sections 3— 402-403.

The appellant argues that the facts here involved are substantially the same as in *Thrasher,* and that, in that case, the individual who signed the note was held liable. There are, however, substantial factual differences between *Thrasher* and the case here presented. In *Thrasher,* the payee of the note had no connection with the corporation, except as creditor; here, Leahy was a director and stockholder. Leahy took no action against McManus during his lifetime, although over four years elapsed between the making of the note and Leahy's death. In *Thrasher,* suit was instituted less than one year after the note became due. (Record and Briefs filed in *Thrasher*). Moreover, in *Thrasher,* we only held that the factual issue was properly submitted to the jury, under instructions that the legal effect of the note made the individual signer liable *prima facie,* but that he was not liable if the jury found there was an understanding between the parties that the defendant signed only in a representative capacity.

In this case, there was ambiguity in the evidence as to the circumstances under which the note was executed. While there was no testimony of conversations between Leahy and McManus, the relationship of Leahy to the company, the fact that Delauney who also signed the note, was one of the officers whose signature was required to bind the corporation, and Leahy's failure to attempt to hold McManus personally liable for over four years, were factors supporting McManus' contention of an understanding with Leahy that he, McManus, signed only in a representative capacity. We have considered all the evidence and do not find the judgment of the lower court was clearly erroneous. Maryland Rule 886 a.

The appellant argues that the testimony of McManus as to the capacity in which he signed the note should not have been admitted under the Dead Man's Statute, Code (1957) Art. 35, Section 3. However, this testimony was adduced only on cross-examination; an adverse party who is cross-examined as to a transaction with a decedent has been

"called to testify by the opposite party" and therefore his answers are admissible under the express exception to the prohibitions of the statute. *Cooper v. Davis*, 226 Md. 371, 375, 174 A. 2d 144 (1961) and cases therein cited.

*Judgment affirmed; costs to be paid by appellant.*