LEAMAN *v.* LEAGUE LUMBER COMPANY, INC.

[No. 290, September Term, 1964.]

*Decided June 22, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, HORNEY, SYBERT and OPPENHEIMER, JJ.

*John C. Evelius,* with whom were *Gallagher & Evelius* on the brief, for appellant.

*Julius G. Maurer,* with whom was *Samuel S. Sapero* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

The appellant, William W. Leaman, seeks reversal of a judgment entered against him after the trial court, sitting without a jury, found as a fact that he had, as a maker, signed a note under seal, together with the Blythenia Development Company, Inc., payable on demand to the appellee, League Lumber Company, Inc. Blythenia, against which judgment also was entered, did not appeal.

It was undisputed that the note in question, which was for $4063.07, was stolen from the office of the appellee some twenty-three months after its execution. Suit thereon was not filed until approximately three years and three months after the date of the note. A reconstructed copy of the note was filed with the declaration. The plaintiff-appellee, League Lumber Company, produced evidence to show that the defendant-appellant, Leaman, had executed the note on behalf of Blythenia, as its president, and had again signed the note on its face, under seal, as an individual maker. (The period of limitations for a suit

on a negotiable instrument under seal is twelve years. Code (1957), Art. 57, sec. 3.) On the other hand, Leaman testified that he had signed only once on the face of the note—as president of Blythenia; however, he stated that he had signed on the back of the note as an accommodation indorser, and that this signature was not under seal. (He filed a special plea of limitations and argues that his indorsement is governed by the three-year period of limitations applicable to actions in assumpsit under sec. 1 of Art. 57, *supra.*) It was conceded in the case that nothing has been paid on the note. Demand for payment was proven.

The trial judge found that the appellant had signed the note on its face as an individual maker, in addition to executing it on behalf of the corporate defendant as its president, and that his individual signature was under seal. Our function on this appeal is to determine whether there was substantial evidence upon which the trial judge could base his findings. We can set the judgment aside only if his conclusions from the evidence were clearly erroneous. Maryland Rule 886 a.

George M. Baker, the assistant secretary and bookkeeper of League Lumber Company, testified for the plaintiff that he had filled in the original printed confessed judgment note, that he was present when it was signed, and that he saw the note about fifty times after its execution since it was kept in a metal box in his office. (The appellant admitted that Baker was present at the time of execution.) Baker further testified that the note was signed on its face twice by Leaman, once as president of Blythenia and once individually. He reconstructed the note at deposition and at trial. The form used each time contained the word "(SEAL)" opposite the names of the makers. Baker stated that no copy of the note was made by him.

Dorothy R. Soltys, secretary to the appellee corporation and its president, Albert H. League, testified for the plaintiff that though she was not present at its execution, she saw the note many times in the metal box. She stated that she particularly remembered Mr. Leaman had signed it twice on its face and that since she was not familiar with notes she wondered why a person would sign it twice. She stated that no corporate seal was affixed but that the word "seal" appeared after Mr. Lea-

man's signature. When she reconstructed the note in court the form contained the word "(SEAL)".

Mr. League also testified that Leaman had signed the note on its face as president of Blythenia and individually. He denied that Leaman had signed on the back at all. He said the note was executed because there was an outstanding debt due League Lumber for materials furnished and that because of Blythenia's financial difficulties he wanted the note as definite evidence of the obligation. He stated that when Blythenia began to deal with League Lumber, Leaman agreed that he should be billed personally along with the corporation for all goods delivered. He added that no credit would ever have been extended except for Leaman's personal undertaking, as he trusted Leaman but knew nothing of his company. Twenty-one invoices were introduced showing that Blythenia and Leaman were both billed for materials furnished by League Lumber. League further testified that when Leaman signed the note this was again because he relied on Leaman and not Blythenia for payment and that he had promised not to record the note for a time so as not to jeopardize Leaman's chances of getting construction contracts. He admitted that after the note was stolen he asked Leaman to indorse a note to replace the original but said he did so only because Leaman refused to sign a new note as maker.

On the other hand, Leaman, as previously noted, testified that in addition to executing the note on its face as president of Blythenia, he also signed it on its back individually as an indorser and that such indorsement was not under seal; he denied that he had signed individually on the face. He said the note was executed at the request of Mr. League as evidence of a prior existing debt which League desired to take out of his company's accounts receivable. He admitted that League Lumber had billed him, as well as Blythenia, for material delivered. He further testified that Blythenia was in financial difficulties, mechanics liens and judgments had been filed against it, negotiations were taking place in regard to a new development in Harford County, and that a recording of the confessed judgment note might injure Blythenia in regard to these negotiations. Therefore, according to Leaman, in exchange for

League's promise not to record the note until the Harford County negotiations were completed, he signed the note individually on its back as an indorser. He introduced in evidence what he said was a copy of the note given to him when the original was executed. It shows the name of Blythenia followed by the appellant's name as president, directly opposite the printed word "(SEAL)". There is no indorsement on the back. The appellant explained that when the copy was given to him it did not contain his signature as president on the face but that he typed in his name later, though he did not add the indorsement. He further testified that when he was asked by League to sign a duplicate note after the original was stolen he refused since the Harford County deal had fallen through and therefore there was no reason for him to indorse the note individually.

In rebuttal, both League and Baker denied that any copy of the note had been given to Leaman.

It is manifest that the evidence simply presented questions of fact to the trial judge. There was substantial evidence from several witnesses that Leaman had signed the note on its face as an individual maker, and that this signature was under seal. The trial judge chose to believe those witnesses. Taking into consideration the fact that he saw and heard all the witnesses, and had the opportunity to judge of their credibility, we cannot say that his conclusions were clearly erroneous. Hence, since the twelve year period of limitations is applicable in this situation, we do not reach the limitations question raised by the appellant with respect to his alleged indorsement.

The appellant maintains that the trial court erred in allowing the admission of the invoices and testimony, over objection, that related to the business transactions of the parties prior to the execution of the note. The point is not well taken. It is well settled that parol evidence is admissible to prove the execution and contents of a lost instrument. *Barranco v. Kostens,* 189 Md. 94, 54 A. 2d 326 (1947); *Yingling v. Kohlhass,* 18 Md. 148 (1862). Since in the case before us the matter of the contents of the note—particularly the manner in which the appellant signed—was at issue, evidence of prior dealings between

the parties was clearly material and admissible as bearing thereon. Cf. *Leahy, Executrix v. McManus,* 237 Md. 450, 206 A. 2d 688 (1965).

*Judgment affirmed; appellant to pay the costs.*