**Karl M. DOLLAK, Appellant,**

v.

**EDUCATIONAL AIDS COMPANY, Inc.,**
**a corporation, Appellee.**

No. 3732.

District of Columbia Court of Appeals.

Argued Oct. 4, 1965.

Decided Nov. 24, 1965.

**482**

Alfred G. Graf, Washington, D. C., for appellant.

Mark P. Friedlander, Washington, D. C., with whom Mark P. Friedlander, Jr., Blaine P. Friedlander, Washington, D. C., and Harry P. Friedlander, Arlington, Va., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellee is a company supplying wholesale merchandise to retail outlets. One customer was Dixie Dime Stores, Inc., of which appellant was president. It was indebted to appellee upon open account and had been refused delivery of further merchandise unless the balance of the account was paid. However, appellee agreed to accept a promissory note for the amount due provided appellant would personally endorse it. Accordingly, the note was signed by Dollak, both in his capacity as president of Dixie Dime Stores, Inc. and thereafter personally, and the additional goods were then shipped by appellee to the store and credit entered on the open account for the amount of the promissory note. The note was later taken to the bank where it was endorsed by appellee corporation, by means of a rubber stamp, and signed by its president, Henry Goldman. The bank discounted the note and retained it for collection. When only one installment was paid, the bank required appellee to take back the note. Appellee then served notice of default upon the corporate maker and upon appellant as endorser and made demand for payment upon the corporation. When the request was not honored, this action was filed against the endorser, appellant Dollak. The case was tried to a jury which returned a verdict for the balance due on the note, plus interest, attorney's fees and costs, from which Dollak appealed.

Appellant asserts error in the denial of his motions during trial for directed verdicts in his favor. He insists he was entitled to this relief as a matter of law because appellee failed to prove it was the holder of the note at the time the action was commenced. We do not agree. There was conflict throughout the hearing as to whether appellee or its president, Henry Goldman, was in fact such holder. The record does not reveal Goldman's involvement solely in his individual capacity, and he testified he acted at all times only as an officer of the corporate appellee. Moreover, at trial the issue of possession of the note was not seriously pursued. Appellant merely suggested during the argument of his motion for a directed verdict that appellee might not have been the holder at the time suit was first instituted against him. Suggestion of a possible defense is no substitute for the production of competent evidence to sustain the burden of establishing a defense.[1]

1. Manzon v. Greenwald, D.C.Mun.App., 145 A.2d 575 (1958); Isard v. Applestein, D.C.Mun. App., 144 A.2d 925 (1958).

■ At trial appellant maintained he had endorsed the note merely as accommodation for appellee to assist in discounting it at the bank and not in his individual capacity for the purpose of securing further extension of credit and additional merchandise for his own corporation. This presented a question of fact which could not be decided by the trial judge as a matter of law but was for the determination of the jury.

■ We find no error in the action of the trial judge in overruling appellant's motions for directed verdicts and in submitting the factual questions under proper instructions to the jury. They were resolved adversely to appellant. When a jury performs its function under proper instruction, we are without authority to set aside its resolution of the factual issues or to substitute our own views.[2]

Affirmed.

2. American Marietta Co. v. Griffin, D.C. App., 203 A.2d 710 (1964); V.E.M. Hotel Service, Inc. v. Uline, Inc., D.C.App., 190 A.2d 812 (1963); Cope Ford, Inc. v. Lastfogel, D.C.Mun.App., 184 A.2d 206 (1962).