**STAGE DOOR RESTAURANT, INC., a body corporate, James A. Kefalas, and Samuel Schanker, Appellants,**

v.

**L. N. HILL COMPANY, Inc., a body corporate, Appellee.**

No. 4371.

District of Columbia Court of Appeals.

Argued Nov. 5, 1968.

Decided Jan. 8, 1969.

Samuel Intrater, Washington, D.C., with whom Albert Brick, Washington, D.C., was on the brief, for appellants.

Stanley M. Dietz, Washington, D. C., for appellee.

Before MYERS, FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge:

Appellant corporation purchased certain restaurant equipment from the appellee. The sale was secured by the corporation's promissory note dated April 15, 1964, in the sum of $4,237.51, and executed by appellant James A. Kefalas, President of the corporation. Kefalas and appellant Samuel Schanker, also an officer of the corporation, endorsed the note by signing their names as individuals.[1] When the

---

1. The rights and liabilities of parties to negotiable instruments executed prior to January 1, 1965, are governed by the Uniform Negotiable Instruments Law, D.C. Code 1961, Title 28. 77 Stat. 630, Section 15(b) (approved December 30, 1963).

corporation defaulted on the note, appellee obtained a judgment for the balance of the note against the individual appellants as endorsers of the note.

Appellants' sole contention on appeal is that the trial court erred in not submitting to the jury the issue of whether they had endorsed the note as individuals or as officers of the corporation. We agree.

■ It is well settled, and counsel for the appellee conceded, that where the action is between the original parties on the note, parol evidence is admissible to show that the individual signed as a representative of the corporation and that it was not intended that he incur individual liability.[2]

■ In the instant case appellant Schanker testified that it was at all times the understanding of the parties that the note signed for the purchase of the equipment was a corporate note, and that he and the other individual appellant had signed the note solely in their capacities as officers of the corporation and not with the intent that they be individually responsible for the indebtedness. He further testified that he was never requested to sign the note for additional security.

This testimony produced a conflict in the evidence as to whether appellants endorsed the note in their individual capacities or as officers of the corporation. Since an issue of fact was raised, it should have been submitted to the jury.[3]

Reversed with instructions to grant a new trial.

---

2. La Normandie Hotel Co. v. Security Trust Co., 38 App.D.C. 187 (1912) ; In re Delpark, 65 F.2d 582 (2d Cir. 1933); Katz v. Teicher, 98 Ga.App. 842, 107 S.E. 2d 250 (1959) ; G. C. Riordan & Co. v. Thronsbury, 178 Ky. 324, 198 S.W. 920 (1917) ; Leahy v. McManus, 237 Md. 450, 206 A.2d 688 (1965).

3. Belmont Dairy Co. v. Thrasher, 124 Md. 320, 92 A. 766 (1920) ; Leahy v. McManus, supra note 2; cf. Dollak v. Educational Aids Co., D.C.App., 214 A.2d 481, 483 (1965).