**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Pulefano Paul TUFI,**
**Defendant-Appellant.**

No. 75–3711.

United States Court of Appeals,
Ninth Circuit.

May 27, 1976.

As Amended June 23, 1976.

Philip D. Bogetto (argued), of Honolulu, Hawaii, for defendant-appellant.

Howard A. Chang, Asst. U. S. Atty. (argued), of Honolulu, Hawaii, for plaintiff-appellee.

OPINION

Before BROWNING, TRASK and KENNEDY, Circuit Judges.

PER CURIAM.

Appellant's sole contention is that he could not be guilty of violating 18 U.S.C. § 495 because the name of the payee was signed on the front rather than the back of the United States Treasurer's check. Section 495 contains no such condition. None can be implied from the commercial code.

The Uniform Commercial Code and the Hawaiian Uniform Commercial Code are identical in their relevant provisions. The Uniform Commercial Code requires only that "an indorsement must be written . . . on the instrument or on a paper so firmly affixed thereto as to become a part thereof." Uniform Commercial Code § 3–202(2); Hawaii Rev.Stat. § 490:3–202(2). "A signature is made by use of any name . . . upon an instru-

ment . . . ." Uniform Commercial Code § 3–401(2); Hawaii Rev.Stat. § 490:3–401(2). "Unless the instrument clearly indicates that a signature is made in some other capacity it is an indorsement." Uniform Commercial Code § 3–402; Hawaii Rev.Stat. § 490:3–402. "It is clear . . . that an endorsement can be written anywhere on the instrument . . . ." *Leahy v. McManus,* 237 Md. 450, 206 A.2d 688, 690 (1965). *See* J. Ogden, Negotiable Instruments 184 (5th ed. 1947). There is no indication that the signature here was not intended to be an endorsement. A genuine signature on the face of the Treasurer's check therefore would have been a legally sufficient endorsement. Assuming *Carr v. United States,* 278 F.2d 702 (6th Cir. 1960), was correctly decided, it is distinguishable on this ground.

Affirmed.